IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-562-CR




EX PARTE: VASHON MITCHELL,



 APPELLANT



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 39232C, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from an order of the district court, entered following a hearing
on appellant's writ of habeas corpus, continuing appellant's bail at $50,000. Tex. R. App. P. 44. 
Appellant is incarcerated following his arrest for possession of less than twenty-eight grams of
cocaine.

 The right to release on reasonable bail is guaranteed by the constitution. Tex.
Const. art. I, §§ 11, 13. Although bail must be set sufficiently high to give reasonable assurance
that the undertaking will be complied with, the power to require bail is not to be used as an
instrument of oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1993). Among
the factors to be considered in setting bail are the nature of the offense and the circumstances
under which it was committed, and the ability of the defendant to make bail. Id. The ability of
the accused to make bail, however, does not of itself control the amount of bail. Ex parte Gentry,
615 S.W.2d 228 (Tex. Crim. App. 1981). The burden of proof is on the applicant to prove that
bail is excessive. Ex parte Rubac, 611 S.W.2d 848 (Tex. Crim. App. 1981). 

 Appellant was unemployed at the time of his arrest in October 1992, and had been
since his discharge from the Army the preceding July. Appellant had $753 when arrested. 
Appellant said he won the money gambling. Appellant also had a cellular phone that he said he
used to keep in touch with his fiancee. Appellant testified that his family could help him post a
bond, but that they could not afford a $50,000 bond. When asked if they could "come up with
five or six thousand," however, appellant replied, "Maybe. Maybe not."

 Appellant's fiancee testified that she had $500 presently available to pay for a bond. 
She said she could raise more money, but did not say how much. She testified that appellant had
no assets, no job, and no means of support. Although appellant is the father of her child, he does
not live with her.

 A bondsman testified that he had talked to appellant and his fiancee several times.
In his opinion, they could afford a $10,000 bond. He was also of the opinion that appellant was
unlikely to flee if released. The witness also testified that at the time of his arrest in this cause,
appellant was on bond following an arrest for attempted murder. It was his understanding that
the bondsman in that case was "going to pick that bond back up."

 This Court concludes that the district court has not been shown to have abused its
discretion in setting bail. The order of the district court is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: February 3, 1993

[Do Not Publish]