TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00315-CR






Ex parte Thomas James Owens, Appellant








FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,091, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 Appellant Thomas James Owens pleaded guilty to an indictment accusing him of
injury to a child and was placed on deferred adjudication community supervision. See Tex. Penal
Code Ann. § 22.04(a)(3) (West 1994). He is presently incarcerated in lieu of $75,000 bail
pending disposition of the State's motion to adjudicate. In a petition for writ of habeas corpus,
appellant complained that his bail is excessive. The writ issued and, after a hearing, the district
court denied relief. This appeal followed.

 The State's original motion to adjudicate was filed on August 19, 1997. The capias,
signed by the Honorable Martha J. Trudo, set bail at "$none." The first amended motion to
adjudicate was filed on October 8, 1997. The capias, again signed by Judge Trudo, ordered bail
set at "$none now and not without a hearing." On October 28, appellant filed a "motion for bond
reduction hearing." The motion was granted and the hearing was held on November 5. The
record before us does not reflect the result of this hearing, which was held before the Honorable
Rick Morris. We infer, however, that the court set bail at $50,000. The State filed a second
amended motion to adjudicate on January 26, 1998. In an accompanying document, the State
indicated that it did not seek a change in the amount of bail. On April 1, however, the State filed
a motion to increase bail. Following a hearing before Judge Trudo, the court left bail unchanged. 
On May 8, the State's third amended motion to adjudicate was filed. The capias, signed by the
Honorable Sue Lykes, increased appellant's bail to $75,000. Appellant filed his habeas corpus
application on May 27. Judge Trudo issued the writ and conducted the hearing.

 The evidence at the habeas corpus hearing shows that before appellant's bail was
increased to $75,000, he was free on a $50,000 bond secured by his grandmother's real property. 
The grandmother testified that after bail was increased, she was told by the sheriff that her
property was not sufficiently valuable to secure a larger bond. There was no other testimony at
the hearing. The district court denied appellant's request that his bail be returned to the original
$50,000.

 Bail must be set sufficiently high to give reasonable assurance that the undertaking
will be complied with, but the power to require bail is not to be used as an instrument of
oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1994). Among the factors to
be considered in setting bail are the nature of the offense and the circumstances under which it was
committed, and the ability of the defendant to make bail. Id. The burden of proof is on the
applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App.
1981). We review the trial court's ruling for an abuse of discretion. Id. at 850.

 Other than the allegations contained in the indictment, there is no evidence before
us regarding the nature and circumstances of the offense for which appellant pleaded guilty. Other
than the allegations in the motions to adjudicate, there also is no evidence regarding the nature and
circumstances of the alleged violations of supervision. As to appellant's ability to make bail, we
know only that his grandmother has property of a value adequate to secure a $50,000 bond but
inadequate to secure a $75,000 bond. There is no evidence regarding appellant's personal
financial resources. On the limited record before us, we cannot say that appellant met his burden
of proving that bail is excessive or that the district court abused its discretion by refusing to reduce
bail. Point of error one is overruled.

 In a second point of error, appellant complains that the State "has used the filing
of numerous amended motions [to adjudicate] to keep getting Appellant's bail increased to the
point where it cannot be made." This contention was not made in his writ application or otherwise
presented to the district court at the hearing. There is no evidence of bad faith or overreaching
on the part of the State. Point of error two is overruled.

 The district court's order is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: December 17, 1998

Do Not Publish



 Tex. Penal
Code Ann. § 22.04(a)(3) (West 1994). He is presently incarcerated in lieu of $75,000 bail
pending disposition of the State's motion to adjudicate. In a petition for writ of habeas corpus,
appellant complained that his bail is excessive. The writ issued and, after a hearing, the district
court denied relief. This appeal followed.

 The State's original motion to adjudicate was filed on August 19, 1997. The capias,
signed by the Honorable Martha J. Trudo, set bail at "$none." The first amended motion to
adjudicate was filed on October 8, 1997. The capias, again signed by Judge Trudo, ordered bail
set at "$none now and not without a hearing." On October 28, appellant filed a "motion for bond
reduction hearing." The motion was granted and the hearing was held on November 5. The
record before us does not reflect the result of this hearing, which was held before the Honorable
Rick Morris. We infer, however, that the court set bail at $50,000. The State filed a second
amended motion to adjudicate on January 26, 1998. In an accompanying document, the State
indicated that it did not seek a change in the amount of bail. On April 1, however, the State filed
a motion to increase bail. Following a hearing before Judge Trudo, the court left bail unchanged. 
On May 8, the State's third amended motion to adjudicate was filed. The capias, signed by the
Honorable Sue Lykes, increased appellant's bail to $75,000. Appellant filed his habeas corpus
application on May 27. Judge Trudo issued the writ and conducted the hearing.

 The evidence at the habeas corpus hearing shows that before appellant's bail was
increased to $75,000, he was free on a $50,000 bond secured by his grandmother's real property. 
The grandmother testified that after bail was increased, she was told by the sheriff that her
property was not sufficiently valuable to secure a larger bond. There was no other testimony at
the hearing. The district court denied appellant's request that his bail be returned to the original
$50,000.

 Bail must be set sufficiently high to give reasonable assurance that the undertaking
will be complied with, but the power to require bail is not to be used as an instrument of
oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1994). Among the factors to
be considered in setting bail are the nature of the offense and the circumstances under which it was
committed, and the ability of the defendant to make bail. Id. The burden of proof is on the
applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App.
1981). We review the trial court's ruling for an abuse of discretion. Id. at 850.

 Other than the allegations contained in the indictment, there is no evidence before
us regarding the nature and circumstances of the offense for which appellant pleaded guilty. Other
than the allegations in the motions to adjudicate, there also is no evidence regarding the nature and
circumstances of the alleged violations of supervision. As to appellant's ability to make bail, we
know only that his grandmother has property of a value adequate to secure a $50,000 bond but
inadequate to secure a $75,000 bond. There is no evidence regarding appellant's personal
financial resources. On the limited record before us, we cannot say that appellant met his burden
of proving that bail is excessive o