EX PARTE MCGRAW

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-508-CR

EX PARTE 

BOBBY EARL MCGRAW 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from the denial of habeas corpus relief seeking the reduction of two bonds.  Appellant Bobby Earl McGraw contends that his bonds are excessive in violation of the Eighth Amendment to the United States Constitution; article I, section 13 of the Texas Constitution; and articles 1.07 and 17.15 of the Texas Code of Criminal Procedure.
(footnote: 2)  We will affirm.

II.  Factual and Procedural Background

In August 2003, police arrested McGraw for the offenses of manufacture and delivery of a controlled substance over 400 grams.  The trial court  initially set McGraw’s bonds at a relatively low amount, and McGraw’s family posted the bonds.  In April 2004, the grand jury indicted McGraw and his bonds were raised to $250,000 for each of the two offenses.  A warrant for McGraw’s arrest issued because the original bonds were then insufficient.
(footnote: 3)  Thereafter, McGraw failed to appear for his May 20, 2004 hearing. 

McGraw filed an application for writ of habeas corpus, asserting that the bonds were excessive and requesting a reduction in the amount of the bonds. The trial court held a hearing on McGraw’s habeas application requesting bond reduction and denied the requested relief.  

III.  Excessive Bond

A. Standard of Review

We review the trial court’s denial of a bond-reduction request under an abuse of discretion standard.  
See Ex parte Rubac
, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); 
Ex parte Scott
, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.); 
see also 
Tex. Code Crim. Proc. Ann. 
art. 17.15 (Vernon Supp. 2004-05) (giving trial court discretion to set amount of bond).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. 
Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id.
 

The primary purpose of an appearance bond is to secure the presence of the defendant at trial on the offense charged.  
Ex parte Vasquez
, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); 
Scott
, 122 S.W.3d at 868.  Accordingly, bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression.  
Scott
, 122 S.W.3d at 868.
  In a habeas proceeding, the burden of proof is on the defendant to show that the bail, as set, is excessive.  
Rubac
, 611 S.W.2d at 849.

Article 17.15 of the Texas Code of Criminal Procedure sets forth the following criteria for establishing a defendant's bond: 

1.  The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with. 

2.  The power to require bail is not to be so used as to make it an instrument of oppression.

 

3.  The nature of the offense and the circumstances under which it was committed are to be considered. 

4.  The ability to make bail is to be regarded, and proof may be taken upon this point. 

5.  The future safety of a victim of the alleged offense and the community shall be considered. 

Tex. Code Crim. Proc. Ann.
 art. 17.15.  In addition to these factors, the court should also weigh the following factors in determining the amount of the bond:  (1) the accused's work record; (2) the accused's family ties; (3) the accused's length of residency; (4) the accused's prior criminal record, if any; (5) the accused's conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense.  
Rubac
, 611 S.W.2d at 849-50; 
Scott
, 122 S.W.3d at 869.  The accused’s potential sentence and the nature of the crime are also primary factors to be considered.  
Ex parte Hunt
, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref’d).

B. The Nature and Circumstances of the Offense
 

The nature of the offense and the circumstances surrounding the offense are primary factors in determining what constitutes reasonable bond.
  Tex. Code Crim. Proc. Ann. 
art. 17.15(3); 
see Ex parte Davila
, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981).  In considering the nature of the offense, it is proper to consider the possible punishment.  
Vasquez
, 558 S.W.2d at 479- 80.  When the nature of the offense is serious and involves aggravating factors, a lengthy prison sentence following trial is probable.  
Scott
, 122 S.W.3d at 869.  Therefore, pretrial bond must be set sufficiently high to secure the presence of the accused at trial because the accused's reaction to the prospect of a lengthy sentence might be to not appear.  
Id.

McGraw is charged with manufacture and delivery of methamphetamine in an amount of 400 grams or more, which is classified in penalty group 1.  
See
 Tex. Health & Safety Code Ann. § 481.102(6) (
Vernon
 
Supp. 2004-05
)
.  If convicted, McGraw faces a potential punishment range of life imprisonment or a term of not more than ninety-nine years or less than fifteen years and a fine not to exceed $250,000.  
See id. 
§ 481.112(f) (Vernon 2003).

Given the serious nature of manufacturing and delivering methamphetamine and the potential for a lengthy sentence, the trial court properly could have concluded that the bonds were reasonable. 

C. Ability to Make Bond
 

McGraw requests that his bonds be reduced to an amount not exceeding $25,000 for each offense.  The accused's ability to make bond is merely one factor to be considered in determining the appropriate amount of bond.  
Tex. Code Crim. Proc. Ann. 
art. 17.15(4); 
Scott
, 122 S.W.3d at 870.  Simply because a defendant cannot meet the bond set by the trial court does not automatically render the bond excessive.  
Scott
, 122 S.W.3d at 870.
  “If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be.”  
Scott
, 122 S.W.3d at 870. 

At the hearing on the habeas application, McGraw’s mother testified that McGraw has no bank accounts or vehicle.  She further testified that she and her family lacked sufficient assets or financial resources to post two $250,000 bonds.  She explained that she had only $100 in her checking account and that she had sold McGraw’s Palo Pinto property to hire his attorney.  McGraw’s mother explained that she had $2,000 left over from the sale of the property after hiring the attorney and that she could put that toward McGraw’s bond; McGraw’s aunt indicated that she could pay $10,000.  McGraw’s mother also testified that McGraw could work for her husband as a plumber’s helper if he was released on bond.
(footnote: 4)  This evidence does not automatically render the bonds excessive.  
See Scott
, 122 S.W.3d at 870. 

D. Safety of the Victim
 

In determining the appropriate amount of bond, the future safety of the community is to be considered.  
Tex. Code Crim. Proc. Ann. 
art. 17.15(5);
 Scott
, 122 S.W.3d at 870.  At the hearing, McGraw’s mother agreed that the victim of the alleged offenses was the community at large.  The community remained in jeopardy after McGraw posted the initial bond on these drug offenses because he picked up four additional drug offenses in Palo Pinto County.  Given these additional offenses and McGraw’s failure to appear at the May 20, 2004 hearing, the trial court properly could have concluded that the bonds were reasonable.  
See Ex parte Maldonado
, 999 S.W.2d 91, 97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (stating that it is a matter of common sense that those who possess illegal drugs with intent to deliver in the quantities present in this case effect the community in which they live).

E. Community and Family Ties
 

Courts may also consider an accused's work record, family ties, and length of residency to determine what constitutes reasonable bond.  
See Rubac
, 611 S.W.2d at 849; 
Scott
, 122 S.W.3d at 871.  With regard to McGraw’s work record, his mother testified that McGraw worked as a loan officer at The Affiliates after he got out of the Marine Corps.  After that, he did custom blinds.  She testified that he could work for her husband as a plumber’s helper if they were able to help him make a reduced bond.  The record demonstrated that McGraw may have been doing some work for his mother’s husband prior to his arrest in August 2003, but there is no evidence showing how long he had been working at that job. 

McGraw’s aunt testified that most of McGraw’s extended family lives in Dallas County.  She also testified that he had roots in Denton County.  She explained that had the extended family known the importance of the proceedings at the habeas application hearing, they would have come to support McGraw.  McGraw’s aunt said that she, along with his uncles, aunts, and grandmother,
 would make sure he appeared at his hearings.  However, she admitted that she did not know that McGraw had failed to show up at a prior hearing and that she was not privy to “a lot of information regarding . . . any of the charges.” 

McGraw’s mother testified that she has lived in Denton County her whole life and that McGraw has only been away from Denton County when he was in the military.  She mentioned that he had purchased some land in Palo Pinto County and that it has since been sold, leaving him with no connections to Palo Pinto County. 

Although McGraw has ties to the community, the trial court could have concluded that McGraw’s community ties and family ties were insufficient to assure his appearance at trial when they had previously failed to make him appear at the May 20, 2004 hearing.  
See, e.g., Ex parte Brown
, 959 S.W.2d 369, 373 (Tex. App.—Fort Worth 1998, no pet.).

F. Other Factors

As mentioned above, a court should also weigh the accused's prior criminal record, if any, the accused's conformity with the conditions of any previous bond, the existence of outstanding bonds, if any, and aggravating circumstances alleged to have been involved in the charged offense.  
Rubac
, 611 S.W.2d at 849-50; 
Scott
, 122 S.W.3d at 869.  Even if McGraw had no criminal record prior to being charged with manufacture and delivery of methamphetamine in August 2003, he now has several other charges currently pending.  The Palo Pinto County drug charges have a bond of approximately $75,000, according to McGraw’s mother.  Moreover, McGraw failed to appear at his May 20, 2004 hearing.  Furthermore, the police found McGraw’s home secured with seven surveillance cameras and stocked with numerous weapons. The trial court summed up its findings on the above factors as follows:

I think it is an affirmative duty to find out if you have a case set.Based on the evidence, he failed to show up May 20th, 2004. . . .  [L]ooking at the amounts in both these cases, both of them are aggravated first-degree felonies.  In fact, he never shows up in my court until he’s arrested in another case in another county. . . .  So[,] I’m denying the . . . writ of habeas corpus. . . .  I don’t think it’s oppressive.

After weighing the factors, the trial court properly could have concluded that the bond should not be reduced.

IV.  Conclusion
 

Affording due deference to the trial court's ruling, we cannot say that the trial court acted arbitrarily or unreasonably by denying a reduction in the amount of McGraw's bonds.  Although the bonds are high, McGraw has failed to demonstrate that the bonds set are excessive.  
See Brown
, 959 S.W.2d at 373
 
(affirming denial of reduction of $500,000 pretrial bond in capital murder case).  Based on the nature and circumstances of the offenses, concerns regarding the safety of the community at large, and the other factors discussed above, the trial court could have properly concluded that McGraw's bonds of $250,000 for each offense were reasonable.  Because we hold that the trial court did not abuse its discretion in denying McGraw’s request for bond reduction, we affirm the order denying habeas corpus relief.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: 
January 6, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
We rely on McGraw’s Application for Writ of Habeas Corpus or Bond Reduction, along with the record from the hearing on that application, because we did not request appellate briefing.  
See
 
Tex. R. App. P.
 31.1.

3:
The record demonstrates that after McGraw got out of jail on the August 2003 drug charges, he was charged with a robbery in Lewisville in October 2003 and then received four more drug charges in Palo Pinto County in 2004. It is unclear from the record whether these intervening offenses were considered when the bonds were raised.

4:
McGraw’s mother is remarried.