IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00016-CR

 

Stephen Craig Holland,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Court

Falls County, Texas

Trial Court No. 05-06541

 



ORDER










 

          Stephen Craig Holland filed a motion
to reinstate his appeal.

          The motion is granted.  This Court’s
opinion dismissing Holland’s appeal dated March 8, 2006 is withdrawn, and the
appeal is reinstated.

          The reporter’s record is due within 30
days of the date of this order.

 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Opinion
withdrawn and appeal reinstated

Order
issued and filed April 5, 2006

Do
not publish

[CR25]






 Ann. art. 17.15 (Vernon Supp. 1999). Article 17.15 lists five factors to
consider when determining if bail is excessive. They are:
1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will
be complied with. 

      2) The power to require bail is not to be so used as to make it an instrument of oppression. 

3) The nature of the offense and the circumstances under which it was committed are to be
considered. 

      4) The ability to make bail is to be regarded, and proof may be taken upon this point. 
 
5) The future safety of a victim of the alleged offense and the community shall be considered.

Id. Family and community ties, length of residence in the county, prior criminal record,
conformity with conditions of previous bail bonds, and aggravating circumstances of the offense
should also be considered. Emery, 970 S.W.2d at 145 (citing Ex parte Rubac, 611 S.W.2d 848,
849-50 (Tex. Crim. App. 1981)).
APPLICATION OF FACTORS
      We note first that the record in this bail reduction hearing is not as well developed as we
might like to see.
      Back testified that he has never been arrested prior to the charges for which he is requesting
reduced bail. He has lived in Navarro County for most of his life, worked as a police officer, and
has close ties with the community. His parents are residents of Navarro County and testified that
Back could live with them pending trial on the charged offenses. Back and his parents testified
that Back would appear at all court hearings. 
      Back testified that he tried but was unable to make $250,000 in bail bonds. Back’s father
testified that if bail was reduced to a total of $25,000, they would be able to make the bonds. 
CONCLUSION
      Taking into consideration each factor listed in Article 17.15 and considering the amount of
bail which the undisputed evidence shows Back can make, we hold that the court abused its
discretion in setting bail to total $250,000. We sustain the point of error and reverse the order
denying habeas corpus relief. We grant the relief sought and hereby reduce bail to $7,000 on the
charge of sexual assault of a child and $6,000 on each of the three charges of indecency with a
child, a total of $25,000.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
          (Justice Gray dissenting)
Reversed and rendered
Opinion delivered and filed November 24, 1999
Do not publish