NO. 07-07-0157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D   

JUNE 3, 2009

______________________________

CARL ALLEN CARTER,  APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 31
ST
 DISTRICT COURT OF WHEELER COUNTY; 

NO. 4063; HONORABLE STEVEN R. EMMERT, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 

ORDER ON MOTION TO SET BAIL

By opinion dated April 1, 2009, this Court reversed Appellant’s, Carl Allen Carter, conviction for possession of cocaine in an amount of 400 grams or more with intent to deliver and remanded the cause to the trial court for further proceedings.  The State has not yet filed a Petition for Discretionary Review and the deadline in which to do so has  elapsed.  
See 
Tex. R. App. P. 68.2.  The State has, however, filed a motion for extension of time to file its petition for discretionary review and that motion is pending before the Court of Criminal Appeals.  
See
 Tex. R. App. P. 68.2(c).  Pending before this Court are two motions requesting this Court to set bail pursuant to article 44.04 of the Texas Code of Criminal Procedure.  One motion was filed by the Appellant, pro se, and the other motion was filed by Appellant’s appellate counsel.  Because Appellant is not entitled to hybrid representation, we will disregard the pro se motion and grant the motion of appellate counsel.

Article 44.04(h) of the Texas Code of Criminal Procedure (Vernon 2006), provides that upon reversal of a conviction, a defendant is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of the appeal by the State or defendant on petition for discretionary review.  The statute further provides that this Court shall determine the amount of bail if it is requested before a petition for discretionary review has been filed.  

Guided by the criteria of article 17.15 of the Texas Code of Criminal Procedure
(footnote: 1) and considering the offense with which Appellant remains charged, this Court hereby sets reasonable bail in the amount of $50,000.00, conditioned on the sureties on the bail being approved by the court where the trial was originally had.  
See 
Tex. Code Crim. Proc. Ann.
 
art. 44.04(h); Tex. R. App. P. 51.2(c)(1).

It is so ordered.

Patrick A. Pirtle

      Justice 

Do not publish.

FOOTNOTES
1:
See Aviles v. State
, 23 S.W.3d 74, 80 (Tex.App.–Houston [14th Dist.] 2000, pet. ref’d).  
See also Ex parte Rubac
, 611 S.W.2d 848, 849-50 (Tex.Crim.App. [Panel Op.] 1981).