



## MEMORANDUM OPINION

No. 04-11-00176-CR

**EX PARTE** Terry Darnell **GRAHAM**

From the 198th Judicial District Court, Kimble County, Texas
Trial Court No. 08-1705W
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

Terry Darnell Graham appeals the denial of his post-conviction motion to reduce bail. In one issue on appeal, Graham argues the trial court abused its discretion in denying his motion to reduce bail, contending the amount of $100,000 was excessive. Finding no abuse of discretion, we affirm the trial court's order.

### DISCUSSION

Graham was convicted of money laundering and sentenced to five years confinement and a $10,000 fine. Pursuant to Article 44.04(b) of the Texas Code of Criminal Procedure,[1] which allows release on bail pending appeal for certain felony cases, Graham moved for bail. After

---

[1] Article 44.04(b) allows release on bail pending appeal for a felony conviction when punishment does not equal or exceed ten years of confinement so long as the defendant has not been convicted of an offense listed under section 3g(a)(1) of Article 42.12. TEX. CODE CRIM. PROC. ANN. art. 44.04(b) (West 2006).

holding a hearing, the trial court granted Graham's motion and set bail at $100,000. Graham then filed a motion for reduction of bail, which was denied. Graham appeals the denial of his motion for reduction of bail.

The primary object of the appeal bond is to secure the appellant's apprehension if his conviction is ultimately affirmed. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). In setting bail, the trial court is to be governed by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). Other factors to be considered include the length of the sentence, the nature of the offense, the defendant's work record, his family ties, his length of residency, his ability to make the bond, his prior criminal record, his conformity with previous bond conditions, any other outstanding bonds, and any aggravating factors involved in the offense. *Ex parte Rubac*, 611 S.W.2d at 849-50. When a defendant moves to reduce the amount of bail in the trial court, he bears the burden of proof to show the bail set is excessive. *Id.* at 849. We review the trial court's denial of such a motion for abuse of discretion. *Id.* at 850; *see* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005).

On appeal, Graham argues he has met his burden to show the bail set by the trial court is excessive because the offense (money laundering) was non-violent and there were no aggravating factors. Further, according to Graham, he complied with all conditions of his pre-

trial release, and always appeared for hearings and trial. And, he emphasizes that he is employed in the carpet cleaning and restaurant business. Further, according to Graham, (1) he owns a home and supports two children; (2) the record shows no criminal history; (3) he cannot afford bail in the amount of $100,000; and (4) he could not find a company to post the bond.

The record shows that at the hearing on Graham's application to set post-trial bail, Graham asked the trial court to take judicial notice of his testimony during the sentencing hearing when he applied for court-appointed counsel. At that hearing, Graham had testified that he owned a one-half interest in a restaurant in Sacramento, California, which could be sold for $40,000 to $50,000. Because Graham had access to resources, the trial court denied the motion for court-appointed counsel.

Further, in support of his motion for bail, Graham testified that there were no weapons or drugs found in the car in which he was stopped when he was arrested and that he had appeared for several pretrial hearings and conferences, even though at the time, he lived in Sacramento, California. Graham again confirmed that he is a part owner of a restaurant in Sacramento and that he also works as a carpet cleaner in Sacramento. Graham testified that he owns a house in Sacramento and supports two children, although they did not live with him. Graham stated that if he was granted bail pending appeal, he would return to Sacramento and work.

During the hearing, the trial court expressed concern about Graham living in California. Nevertheless, at the conclusion of that hearing, the trial court granted Graham's motion, set bail at $100,000, and required him to check in weekly with the probation department by telephone. Graham then filed a motion to reduce bail, contending that $100,000 was excessive. In support of his motion, Graham attached his attorney's affidavit in which the attorney swore he had contacted Jackie Davis at Davis Bonding who had declined to bond Graham and in doing so,

stated that it would be very difficult to find any bond company that would. The trial court denied the motion without conducting a hearing.

The appellate record also contains the reporter's record of the hearing on Graham's motion to suppress. At that hearing, a deputy county sheriff testified that he initiated a traffic stop of the vehicle in which Graham was riding because it appeared the passenger sitting in the front seat was not wearing a seat belt. The deputy sheriff also testified that when he checked the vehicle's registration on his mobile data computer, the vehicle came back as unregistered. According to the deputy sheriff, when he then asked dispatch the run the vehicle's registration, it came back as legally registered to someone else. The deputy sheriff testified that he became suspicious because the vehicle had Georgia plates, but was headed to California, and because the occupants of the vehicle produced only a handwritten bill of sale on the vehicle. The deputy admitted that once he made the stop, he saw that the passenger was wearing a seat belt. The deputy also testified that after his K-9 partner alerted to the vehicle, he found $57,115 hidden within the center console. The trial court denied the motion to suppress.

When we apply the factors to be considered in a post-conviction bail reduction request to the record in this case, we do not find an abuse of discretion by the trial court. While it is true, as Graham points out, the offense for which he was convicted was non-violent and he did not fail to appear for hearings prior to trial, it is also true that Graham, who is not a Texas resident, intends to return to California; his work and businesses are in California; and his home is in California. The record shows no family ties to Texas. Further, the record shows that, although Graham stated he could not afford bail in the amount of $100,000, he is not indigent. In fact, the trial court refused Graham's request for a court-appointed attorney based on the fact that Graham had assets in California. Additionally, although Graham produced an affidavit from his attorney

stating that Davis Bonding declined to bond Graham and that it would be difficult to find a bond company that would, there is no indication Graham has pursued the matter with other companies or why Davis Bonding believed it would be difficult to find a bond company to write a $100,000 bond. Finally, although Graham argues that the record shows he has no criminal history, there is, in fact, evidence of a substantial criminal history contained in the sentencing hearing record. Therefore, it does appear that the trial court set the bail sufficiently high to give reasonable assurance that Graham will appear if his conviction is affirmed, and it does not appear that the trial court set the bail in an amount so as to make it an instrument of oppression.

We conclude the trial court did not abuse its discretion in setting a $100,000 bail, and therefore affirm the trial court's order denying Graham's motion to reduce bail.

Karen Angelini, Justice

Do not publish