**Corrected Order filed June 18, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00642-CR
_____

**MATTHEW ALFRED FRIEDSAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09CR3167**

---

## CORRECTED ORDER

On June 12, 2012, this Court rendered its judgment reversing the trial court's judgment and rendering judgment acquitting appellant Matthew Alfred Friedsam and dismissing the indictment.

On June 13, 2012, appellant filed a motion requesting this Court to set reasonable bail. TEX. CODE CRIM. PROC. ANN. art. 44.04(h). In determining the amount that is reasonable, courts consider factors such as the following:

1. The fact that the conviction has been overturned;[1]

2. The State's ability, if any, to retry the appellant;[2]

3. The likelihood that the decision of the court of appeals will be overturned;[3]

4. The defendant's work record;[4]

5. The defendant's family and community ties;[5]

6. The defendant's length of residency;[6]

7. The defendant's prior criminal record;[7]

8. The defendant's conformity with previous bond conditions;[8]

9. The existence of other outstanding bonds, if any;[9]

10. Aggravating circumstances alleged to have been involved in the charged offense;[10]

11. Whether "bail [is] sufficiently high to give reasonable assurance that the undertaking will be complied with";[11]

12. Whether the amount of bail required is low enough that it is not "an instrument of oppression";[12]

---

[1] *Aviles v. State* ("*Aviles II*"), 26 S.W.3d 696, 701 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

[2] *Id.*

[3] *Id.*

[4] *Id.* at 698 (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981)).

[5] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

[6] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

[7] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

[8] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

[9] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

[10] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).

[11] TEX. CODE CRIM. PROC. ANN. art. 17.15.

[12] *Id.*

13. "The nature of the offense and the circumstances under which it was committed are to be considered";[13]

14. The defendant's ability to make bail;[14] and

15. "The future safety of a victim of the alleged offense and the community . . . ."[15]

In his motion, appellant has stated that a reasonable bail would be $2,500 based on the first three factors; however, he has failed to address the remaining factors or the status of the sexual-assault charge asserted against him in trial court cause number 09CR3166.

We accordingly **ORDER** appellant to file a supplement to his motion to set bail by **Thursday, June 21, 2012**. In that motion, appellant should provide argument and evidence relevant to the criteria, factors, and charges described in this order. *See Aviles v. State* ("*Aviles I*"), 23 S.W.3d 74, 79–80 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (ordering movant to supplement the motion to set bail to address such factors). The supplemental motion should be verified to the extent that it depends on facts and evidence not in the record, within the court's knowledge in its official capacity, or within the personal knowledge of the attorney signing the motion. *Id.* at 80 (citing TEX. R. APP. P. 10.2). We further **ORDER** the State to file any response to the supplemental motion by **Wednesday, June 27, 2012**.

PER CURIAM

Order entered June 15, 2012.

Panel consists of Justices Boyce, Christopher, and Jamison

---

[13] *Id.*

[14] *Id.*

[15] *Id.*