**Ex parte Richard Emil RUBAC.**

**No. 66921.**

Court of Criminal Appeals of Texas,
Panel No. 3.

March 4, 1981.

Melvyn Carson Bruder, Dallas, for appellant.

Edward J. Walsh, Dist. Atty. and Ken Anderson, Asst. Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

Before DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a denial of the trial court to reduce bail pending appeal.

Article 44.04(g), V.A.C.C.P. On April 4, 1980, petitioner was arrested for possession of methamphetamine. Prior to trial, petitioner was released on a $50,000 bond. On December 19, 1980, a jury convicted petitioner of possession with intent to deliver, methamphetamine, on an indictment alleging possession of methamphetamine, possession with intent to deliver methamphetamine, and possession of LSD. On January 8, 1981, punishment was assessed at ten years. At sentencing, petitioner gave notice of appeal and requested the right to remain on the previously set $50,000 bond pending appeal. However, the trial court set the appeal bond at $100,000.

On January 15, 1981, the trial court conducted a hearing on appellant's request for a reduction of the $100,000 bond. Petitioner presented evidence that he had complied in every respect with conditions of his previous bonds, and that he had made all court appearances required. Petitioner's background reveals that he is thirty-five years old, holds a Ph.D. in chemical engineering from Texas A&M University, and has no previous convictions. Petitioner was raised in Central Texas, and has lived in Dallas the past twelve years. Petitioner was unemployed at the time of arrest, but has prospective employment if released on bail pending appeal. Appellant also asserts that he has another $50,000 appearance bond on another indictment, and that he presently has, at the most, $3,000 to use for appeal bond in this cause.

The State offered no evidence, but on cross-examination attempted to show petitioner's ability to pay by showing that the increase over the original $50,000 bond would only cost petitioner $7500. In addition, testimony revealed that approximately $45,000 had been seized from petitioner when he was arrested. However, the evidence demonstrates that petitioner's resources are either depleted or are being held subject to forfeiture by the federal or state governments.

Article 17.15, V.A.C.C.P., provides:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate, or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered.

"4. The ability to make bail is to be regarded, and proof may be taken upon this point."

■ The burden of proof is on petitioner for reduction in bail to show that the bail set is excessive. *Ex parte August*, 552 S.W.2d 169 (Tex.Cr.App.1977); *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Cr.App.1977).

■ The primary objective of the appeal bond is to secure appellant's apprehension if his conviction is subsequently affirmed. Article 17.15(1), supra; see, *Ex parte Branch*, 553 S.W.2d 380 (Tex.Cr.App. 1977). In considering what constitutes reasonable bail on appeal, certain factors should be considered. The primary factors are the length of the sentence, *Mayo v. State*, 611 S.W.2d 442 (No. 66,489, February 11, 1981); *Ex parte August, supra*; and the nature of the offense, *Mecom v. United States*, 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977); *Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Cr.App.1980). Other supportive data that this Court deems relevant includes: petitioner's work record, family ties, and length of residency, *Ex parte Ivey*, 594 S.W.2d 98 (Tex.Cr.App.1980); ability to make the bond, *Ex parte Rodriguez, supra*; prior criminal record, *Ex parte Thompson*, 508 S.W.2d 624 (Tex.Cr.App.1974); conformity with previous bond conditions, *Ex parte Brown*, 561 S.W.2d 175 (Tex.Cr.App. 1978); other outstanding bonds, *Ex parte Cevallos*, 537 S.W.2d 744 (Tex.Cr.App.1976);

and aggravating factors involved in the offense, *Ex parte Sandoval*, 576 S.W.2d 634 (Tex.Cr.App.1978).

In summarizing the facts before us, we find: (1) petitioner was convicted of a non-violent crime; (2) sentence was assessed at ten years; (3) an absence of any aggravating factors surrounding the offense; (4) petitioner has no previous criminal record; (5) petitioner's limited ability to make bail; (6) petitioner's education and ability to pursue gainful employment; (7) petitioner's prior conformity to the conditions of the previous bond, especially following the verdict but prior to sentencing; (8) petitioner's familial ties to Central Texas and Dallas; and (9) another bond in a related case for $50,000.

Applying the established criteria to these facts, we conclude that the trial court abused its discretion in setting the appeal bond at $100,000. See, *Ex parte Guess*, 508 S.W.2d 640 (Tex.Cr.App.1974). Therefore, petitioner is granted bail in the sum of $25,000.

It is so ordered.