IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-007-CR


NO. 3-93-008-CR


NO. 3-93-009-CR


AND


NO. 3-93-010-CR




EX PARTE: ANRICO NATHANIEL JONES,



 APPELLANT



 



FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NOS. 39379-C, 39380-C, 39381-C, & 39382-C


 HONORABLE RICK MORRIS, JUDGE PRESIDING


 





PER CURIAM

 Anrico Nathaniel Jones appeals from orders of the district court, made following
a hearing on writ of habeas corpus, reducing appellant's pretrial bail in each of these causes from
$100,000 to $75,000. Tex. R. App. P. 44. Appellant is incarcerated following his arrest for
aggravated kidnapping (one cause) and aggravated robbery (three causes). 

 The right to release on reasonable bail is guaranteed by the constitution. Tex.
Const. art. I, §§ 11, 13. While bail should be sufficiently high to give reasonable assurance that
the undertaking will be complied with, the power to require bail is not to be used so as to make
it an instrument of oppression. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1992). 
Among the factors to be considered in setting bail are the nature of the offense and the
circumstances under which it was committed, and the defendant's ability to make bail. Id. The
ability of the accused to make bail does not of itself control the amount of bail. Ex parte Gentry,
615 S.W.2d 228 (Tex. Crim. App. 1981). The burden of proof is on the applicant to prove that
bail is excessive. Ex parte Rubac, 611 S.W.2d 848 (Tex. Crim. App. 1981).

 Appellant and his family are long-time residents of Bell County. At the time of the
alleged offenses, appellant was living with his parents while attending Central Texas College. 
Appellant has no assets and his parents are paying his legal expenses. Appellant's father testified
that he and his wife have a combined income of approximately $3700 per month. They own their
home, subject to a mortgage. They have approximately $2000 in savings bonds and an insurance
policy with a cash value of $1200. Appellant's father is an automobile hobbyist and owns six
vehicles, one of which is a 1949 Chevrolet worth $2500. The other vehicles have a value of
approximately $1000 each. Appellant's father testified that he could not afford to purchase four
bail bonds of $100,000 each, but that he could afford to purchase bonds in the amount of $10,000
to $20,000 for each cause.

 The complaint in cause number 39379-C reflects that appellant kidnapped a woman
at gunpoint from a grocery store parking lot. He removed her clothes and attempted to sexually
assault her, and repeatedly threatened to kill her. The complaint in cause number 39380-C states
that appellant robbed a woman at gunpoint in a hotel hallway. He threatened to kill her and
forced her to remove her clothes, but fled at the sound of someone approaching. The complaints
in cause numbers 39381-C and 39382-C state that appellant robbed a motel clerk and a
convenience store attendant at gunpoint. Appellant threatened to kill both victims during the
course of these robberies, both of which occurred on the same day as the aggravated kidnapping. 
All four complaints state that appellant confessed to the offense following his arrest.

 Considering all of the evidence before us in light of the factors discussed above,
this Court concludes that the district court has not been shown to have abused its discretion in
setting bail in these causes. The orders of the district court are affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed on All Causes

Filed: March 3, 1993

[Do Not Publish]