NO. 07-03-0545-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 20, 2004

_____

BECKY SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 9131-A; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Challenging the denial of her application for writ of habeas corpus seeking reduction of the bond in the case against her, appellant Becky Salazar presents two issues for review. By her first issue, she questions 1) whether the $600,000 surety bond set by the

trial court is unreasonable and oppressive and 2) whether she is entitled to a bond reduction of the $600,000 surety bond set by the trial court.

Appellant was indicted by a Hutchinson County Grand Jury on November 5, 2003, of the offenses of capital murder, murder, and injury to a child. At the time of her arrest, bond was set at $600,000. By her application for writ of habeas corpus, appellant contended that her confinement and restraint was illegal because the bond was excessive. In response, the State asserts that bail is not even required because capital murder (of an individual under six years of age) and alternatively, because appellant is a flight risk, the trial court did not abuse its discretion in denying the motion.

The victim, appellant's infant daughter, was only seven weeks old at the time of her death. Following an autopsy, it appearing that the injuries which caused the child's death were caused by intentional acts, appellant and her common law husband were indicted. Appellant does not challenge the evidence except that she contends the bond is unreasonable and oppressive and as she did in the trial court, seeks a reduction in her bond.

First, as the State suggests, bail is not even required in the present case because the offense charged is a capital offense, *i.e.,* capital murder (of an individual under six years of age) and bail is not required. Tex. Const. Art I, § 11; Tex. Code Crim. Proc. Ann. art. 1.07; Tex. Penal Code Ann. §19.03(a)(8). Moreover, we continue our review by noting that appellant bears the burden to show that the amount of bail is excessive. Ex parte Vasquez,

558 S.W.3d 477, 479 (Tex.Cr.App. 1977); Ex parte Baldivia, 727 S.W.2d 337, 344 (Tex.App.--Amarillo 1987, no pet.). Article 17.15 of the Code of Criminal Procedure provides standards applicable to the setting of bail. That statute recognizes that the amount of bail is committed to the discretion of the trial court and further provides five factors to be considered in exercising that discretion. Those factors are:

(1) The bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with.

(2) The power to require bail is not to be used as to make it an instrument of oppression.

(3) The nature of the offense and the circumstances under which it was committed are to be considered.

(4) The ability to make bail is to be regarded, and proof may be taken upon this point.

(5) The future safety of a victim of the alleged offense and the community shall be considered.

Other factors to be considered include (1) appellant's work record; (2) appellant's family and community ties; (3) her length of residency; (4) prior criminal record; (5) conformity with the conditions of any previous bond; (6) the existence of outstanding bonds, and (7) the alleged aggravating circumstances involved in the offense. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex.Cr.App. 1981). Based on our review of the record, factors (5), (6), and (7) are not implicated in our analysis.

3

As applicable to the remaining factors, there is little disagreement in the relevant facts. Appellant was born in a Panhandle community, graduated from its high school and moved to Borger about three years before the incident. Her parents continue to reside in different communities in the Texas Panhandle and she has two brothers who also live and work in Borger. At the time of her arrest, appellant was unemployed and her prior work record demonstrated that she had held only minimum wage jobs in the past. Appellant admits that she has no assets and that her brothers and other family members have limited resources to assist in securing a bond of only about $50,000. The State suggests that because appellant has no birth certificate, is unemployed, and has minimal ties to the community she poses a flight risk if bond is reduced and that the amount of the bond is not unreasonable.

Considering that assistance from her brothers may be sufficient to provide a $50,000 bond, the capital nature of the offense, and the alternatives presented to the trial court, although $600,000 is a high bond, we cannot conclude that appellant has demonstrated the trial court abused its discretion in denying her motion to reduce the bond. Appellant's first and second issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

4