In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00181-CR


____________________



EX PARTE ANDRE RISHAWN ROBERTS






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 92382






MEMORANDUM OPINION


 Andre Rishawn Roberts filed with the trial court a pro se petition for writ of habeas
corpus, in which he sought a reduction in the amount of his bond pending appeal from
$150,000 to $10,000. The trial court initially denied Roberts's petition, but subsequently
entered an order lowering Roberts's bond to $125,000. Roberts then filed this appeal, in
which he contends (1) that the trial court abused its discretion by setting bond at $150,000,
in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States
Constitution, (2) that the trial court abused its discretion by granting habeas relief but failing
to reduce the bond to a "[r]easonable" amount, and (3) that the trial court abused its
discretion by failing to set a reasonable bond in violation of articles 11.05, 11.24, 17.15, and
44.04 of the Texas Code of Criminal Procedure.

 We review the trial court's order reducing Roberts's bond for abuse of discretion. See
Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); Ex parte Ruiz, 129 S.W.3d
751, 753 n.2 (Tex. App.--Houston [1st Dist.] 2004, no pet.). The trial court has discretion
to set the amount of bail pending appeal and to impose reasonable conditions on the bail. 
Tex. Code Crim. Proc. Ann. art. 44.04(c) (Vernon 2006). Article 17.15 of the Texas Code
of Criminal Procedure sets forth the criteria that trial courts must consider in setting the
amount of bail, as follows:

 1. The bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.


 2. The power to require bail is not to be so used as to make it an instrument
of oppression.


 3. The nature of the offense and the circumstances under which it was
committed are to be considered.


 4. The ability to make bail is to be regarded, and proof may be taken upon this
point.


 5. The future safety of a victim of the alleged offense and the community shall
be considered. 


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon 2005). The trial court may also consider
the appellant's work record, family and community ties, length of residency, prior criminal
record, conformity with previous bond conditions, the existence of any outstanding bonds,
and any alleged aggravating circumstances involved in the offense. Ex parte Rubac, 611
S.W.2d at 849-50. Roberts bears the burden of demonstrating that the amount of the bond
is excessive. See id. at 849. Roberts provided to the trial court an affidavit, in which he
averred that he is unable to make a bond of $150,000; he has lived in Beaumont; he has
family support and enough education to seek good employment; and he would make all
required appearances if released on bond.

 The trial court's hearing, if any, on Roberts's motion does not appear in the appellate
record. In addition, although Roberts argues in his brief that the amount of bond set by the
trial court violated various constitutional and statutory provisions, the affidavit he provided
to the trial court does not demonstrate that a bond of $125,000 is excessive in light of the
factors set forth in article 17.15 and Rubac. See Tex. Code Crim. Proc. Ann. art. 17.15; Ex
parte Rubac, 611 S.W.2d at 849-50. In light of the burden of proof placed on Roberts and
the absence of evidence, we find the trial court did not abuse its discretion by setting
Roberts's bond at $125,000. We overrule Roberts's issues and affirm the trial court's order.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice


Submitted on June 2, 2009

Opinion Delivered June 10, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.