TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00134-CR






Michael Patrick Kennedy, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. CR2006-016, HONORABLE GARY L. STEEL, JUDGE PRESIDING





O R D E R

PER CURIAM

 Michael Patrick Kennedy was arrested after he was involved in a shooting incident
with an officer from the New Braunfels Police Department. Ultimately, he pleaded guilty to the
crime of aggravated assault of a police officer, but he reserved the right to appeal the district court's
ruling on a motion to suppress evidence that was seized from his property after the shooting. On
appeal, this Court determined that the district court erred by failing to grant the motion to suppress
because the search warrant affidavit did not contain enough information to allow the magistrate to
determine if probable cause existed to search Kennedy's home. Accordingly, we reversed Kennedy's
conviction and remanded for a new trial. Kennedy has now filed a motion asking this Court to set
a reasonable bond under article 44.04(h) of the code of criminal procedure. 

 Article 44.04(h) mandates that when an appellate court reverses a defendant's
conviction, the court must also set a reasonable bond for his release. In particular, article 44.04(h)
provides, in relevant part, as follows:


If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in
custody, is entitled to release on reasonable bail, regardless of the length of term of
imprisonment, pending final determination of an appeal by the state or the defendant
on a motion for discretionary review. If the defendant requests bail before a petition
for discretionary review has been filed, the Court of Appeals shall determine the
amount of bail.



Tex. Code Crim. Proc. Ann. art. 44.04(h) (West 2006). 

 In determining the amount of bail, courts should primarily focus on the length of the
defendant's sentence and the nature of the offense. Ex parte Rubac, 611 S.W.2d 848, 849
(Tex. Crim. App. 1981). Other factors a court may consider include the defendant's work record,
family ties, length of residency, ability to make the bond, prior criminal record, and aggravating
factors present in the offense. Id. Furthermore, when bond is requested under subarticle 44.04(h),
appellate courts should also consider: "(1) the fact that the conviction has been overturned; (2) the
State's ability, if any, to retry the [defendant]; and (3) the likelihood that the decision of the
court of appeals will be overturned." Aviles v. State, 26 S.W.3d 696, 699 (Tex. App.--Houston
[14th Dist.] 2000, pet. ref'd).

 Kennedy was originally indicted for the crimes of attempted capital murder and
deadly conduct and later agreed to plead guilty to the crime of aggravated assault of a police officer. 
Furthermore, he was initially sentenced to a prison term of 75 years, and the offense he pleaded
guilty to is a first degree felony that carries a maximum punishment of imprisonment for life. See
Tex. Penal Code Ann. §§ 22.01(a) (defining assault), 22.01(b)(1) (providing that assault
is third degree felony if it is committed against public servant engaged in his official duties), 22.02(a)
(defining aggravated assault in relation to definition of assault found in section 22.01),
22.02(b)(2)(B) (West Supp. 2010) (specifying that aggravated assault is first-degree felony if
committed against public servant performing his official duties), § 12.32 (West Supp. 2010) (setting
out permissible punishments for first degree felonies). Moreover, we note that Kennedy's conviction
was not overturned due to a lack of evidence of the offense charged; rather, his conviction was
reversed due to an erroneous ruling on a motion to suppress evidence that was seized
from his property after the shooting. We also note that the appellate record contains evidence
demonstrating his guilt. 

 The State has not filed a petition for discretionary review, and the State explained in
its response to Kennedy's motion to set bail that it will not be appealing the opinion of this Court. 
Accordingly, the likelihood that our opinion will be overturned is small. However, the State has
indicated its intention to retry Kennedy, and hearings have already begun at the district court. In fact,
although we believe that article 44.04(h) places the power to set bail with this Court, we note that
the district court has already held a hearing regarding pre-trial bail. At the conclusion of that
hearing, the district court set bail at $2,000,000. 

 In light of the serious nature of the crime alleged, the length of the punishment
initially imposed and that could be imposed after a trial, and the reason that the conviction was
overturned, we believe that $1,000,000 is a reasonable amount for bail in this case. In addition, the
State in its response asked this Court to include conditions to release that were included in the
district court's order setting Kennedy's bond. We agree with the State that those conditions are
warranted in this case and impose the following conditions on Kennedy while he is bond:


(1) Kennedy is prohibited from having contact of any kind with Richard Kunz or
members of his family;


(2) Kennedy must surrender any passports purporting to be his passport that are either
in his possession or the possession of his family or friends, and Kennedy may not 
apply for a passport or otherwise make any attempt to obtain a passport;


(3) Kennedy is prohibited form possessing, purchasing, or owning firearms of any
kind, including handguns and rifles;


(4) Kennedy is required to wear a GPS enabled electronic monitoring ankle device;


(5) Kennedy must report to the Comal County Adult Community Supervision
Department ("Probation Department") at least once a week; and


(6) Kennedy must notify the New Braunfels Police Department when he makes bond.



 It is so ordered April 29, 2011. 

 

Before Justices Patterson, Puryear, and Henson

 Justice Patterson Not Participating