

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00190-CR

EX PARTE KURLEY
JAMES JOHNSON

------------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Kurley James Johnson appeals the trial court's denial of his pretrial application for writ of habeas corpus seeking a reduction in the bail amount. *See* Tex. Code Crim. Proc. Ann. art. 11.24 (West 2005); *see also* Tex. R. App. P. 31. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Johnson had been staying with his nephew's family during Christmas when he allegedly committed indecency not only with the complainant but also with three other minor children; two of these children belonged to Johnson's nephew.

After Johnson was charged with one count of indecency with a child by sexual contact, the trial court set his bail amount at $50,000. At the April 2012 hearing on Johnson's pretrial application for writ of habeas corpus seeking a reduction in the bail amount, Johnson informed the trial court that he lived in Dallas, that his only relative in Wichita Falls was his nephew, and that most of his ties were to Wisconsin. He admitted that he had previously been convicted of bail jumping, a felony, but he said that if the trial court were willing to grant him a reduction in the bail amount, he would abide by all of the court's conditions. Johnson denied that he also had convictions for possession of cocaine and intimidating a witness and claimed that those charges had been dismissed when he pleaded guilty to bail jumping. Johnson said that he was disabled, that the most bond that he could afford would be "[a]t least 1,500 to 2,000," and that a bondsman had told him that it would cost $20,000 for him to bond out because he did not live in Wichita Falls.

A.T., Johnson's nephew's wife and the mother of two of the minor children with whom Johnson had allegedly committed indecency, told the trial court that she was opposed to a reduction in bail amount and that Johnson would "never step foot in [her] house again . . . [n]or around [her] family." T.W., the mother of

2

both the complainant and another of the minor children, had contacted the police regarding the indecency allegation. She said that A.T. lived less than a block away from her house, that if Johnson made bond, she would be concerned about him returning to the neighborhood, and that she believed that Johnson was a danger to her daughters and to "everybody else."

At the conclusion of the hearing, the trial court not only denied Johnson's requested relief but also increased Johnson's bail amount to $100,000. This appeal followed.

### III. Bail Reduction

We review the trial court's ruling on the setting of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Scott*, 122 S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2005). To determine whether the trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles, i.e., whether the trial court's action was arbitrary or unreasonable. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in similar circumstances does not demonstrate that an abuse of discretion has occurred. *Id*.

The primary purpose of a bail bond is to secure the defendant's presence at trial on the offense charged. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex.

3

Crim. App. 1977); *Scott*, 122 S.W.3d at 868.  Accordingly, bail should be set high enough to give reasonable assurance that the defendant will appear at trial, but it should not operate as an instrument of oppression.  *Scott*, 122 S.W.3d at 868. The pretrial bail amount must be set sufficiently high to secure the accused's presence at trial because his reaction to the prospect of a lengthy sentence might be to fail to appear.  *See id*. at 869.  And simply because a defendant cannot meet the bail set by the trial court does not automatically render the amount excessive.  *Id*. at 870.

Code of criminal procedure article 17.15 sets forth the following criteria for establishing the amount of bail to be required:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15.

In addition to these factors, the court should also weigh the following in determining the amount of bail:  the accused's work record; the accused's family and community ties; the accused's length of residence in the county; the

4

accused's prior criminal record, if any; the accused's conformity with the conditions of any previous bond; the existence of outstanding bonds, if any; and aggravating circumstances alleged to have been involved in the charged offense. *Rubac*, 611 S.W.2d at 849–50; *Scott*, 122 S.W.3d at 869; *see also Ex parte King*, No. 10-09-00164-CR, 2009 WL 2767725, at *1 (Tex. App.—Waco Aug. 19, 2009, no pet.) (mem. op., not designated for publication). The defendant bears the burden to show that he is entitled to a reduction in bail. *Rubac*, 611 S.W.2d at 849; *Maldonado v. State*, 999 S.W.2d 91, 97 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Johnson was charged with one count of indecency with a child, a second degree felony for which an individual adjudged guilty can be sentenced to a term of two to twenty years' confinement. *See* Tex. Penal Code Ann. §§ 12.33(a), 21.11(a)(1), (d) (West 2011). But although Johnson had only been indicted on one count of indecency at the time of the hearing, the State informed the trial court that at the time of the hearing, there was also an ongoing investigation into additional counts of indecency. Under penal code section 3.03(b), if an accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of an offense under section 21.11, among others. *See id.* § 3.03(b)(2) (West 2011 & Supp. 2011). Therefore, Johnson faces a potentially lengthy sentence.

Further, the complainant's mother and the mother of two other minor children with whom Johnson had allegedly committed indecency testified that Johnson should not receive a reduction in the bail amount and that he presented a danger to "everyone." Johnson admitted that he did not have any ties to the community other than his nephew—the father of two of the minor children—and that he had previously been convicted of bail jumping. Affording deference to the trial court's ruling and weighing Johnson's testimony that he was on disability and could only afford a bond of $1,500 to $2,000 against the nature of the offense, Johnson's history of bail jumping, and the safety of the complainant and the community, we conclude that the trial court did not abuse its discretion by setting Johnson's original bail amount at $50,000, that Johnson failed to demonstrate that the original bail amount of $50,000 was excessive, and that the trial court did not abuse its discretion by raising the amount to $100,000 after the development of additional information at the hearing. *See, e.g., King*, 2009 WL 2767725, at *1–2 (affirming denial of pretrial writ of habeas corpus seeking reduction of bail from $250,000 when indigent petitioner had been indicted on ten counts of indecency with the same child, had prior felony convictions, had no current residence or family in the county, and had very little work history and no immediate prospects for employment if released on bail); *see also Ex parte Rolling*, No. 10-11-00189-CR, 2012 WL 662329, at *2 (Tex. App.—Waco Feb. 29, 2012, no pet.) (mem. op., not designated for publication) (finding no abuse of

6

discretion when trial court increased bail amount after additional information was brought to the trial court's attention).

## IV. Conclusion

We affirm the trial court's order denying Johnson's pretrial application for writ of habeas corpus.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 21, 2012

7