02-12-190-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-12-00190-CR

 

 


 
 
 EX PARTE KURLEY JAMES
 JOHNSON
 
 
  
 
 
  
 
 


                                                                                                                             

 

 


 
 
  
 
 
  
 
 
  
 
 


 

 

------------

 

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

Appellant Kurley James Johnson appeals
the trial court’s denial of his pretrial application for writ of habeas corpus
seeking a reduction in the bail amount.  See Tex. Code Crim. Proc. Ann.
art. 11.24 (West 2005); see also Tex. R. App. P. 31.  We affirm.

II.  Factual and Procedural
Background

Johnson had been staying with his
nephew’s family during Christmas when he allegedly committed indecency not only
with the complainant but also with three other minor children; two of these
children belonged to Johnson’s nephew.

After Johnson was charged with one
count of indecency with a child by sexual contact, the trial court set his bail
amount at $50,000.  At the April 2012 hearing on Johnson’s pretrial application
for writ of habeas corpus seeking a reduction in the bail amount, Johnson
informed the trial court that he lived in Dallas, that his only relative in
Wichita Falls was his nephew, and that most of his ties were to Wisconsin.  He
admitted that he had previously been convicted of bail jumping, a felony, but
he said that if the trial court were willing to grant him a reduction in the
bail amount, he would abide by all of the court’s conditions.  Johnson denied
that he also had convictions for possession of cocaine and intimidating a
witness and claimed that those charges had been dismissed when he pleaded
guilty to bail jumping.  Johnson said that he was disabled, that the most bond
that he could afford would be “[a]t least 1,500 to 2,000,” and that a bondsman
had told him that it would cost $20,000 for him to bond out because he did not
live in Wichita Falls.

A.T., Johnson’s nephew’s wife and the
mother of two of the minor children with whom Johnson had allegedly committed
indecency, told the trial court that she was opposed to a reduction in bail
amount and that Johnson would “never step foot in [her] house again . . . [n]or
around [her] family.”  T.W., the mother of both the complainant and another of
the minor children, had contacted the police regarding the indecency allegation. 
She said that A.T. lived less than a block away from her house, that if Johnson
made bond, she would be concerned about him returning to the neighborhood, and
that she believed that Johnson was a danger to her daughters and to “everybody
else.”

At the conclusion of the hearing, the
trial court not only denied Johnson’s requested relief but also increased
Johnson’s bail amount to $100,000.  This appeal followed.

III.  Bail Reduction

We review the trial court’s ruling on
the setting of bail for an abuse of discretion.  See Ex parte Rubac, 611
S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Scott, 122
S.W.3d 866, 868 (Tex. App.—Fort Worth 2003, no pet.); see also Tex. Code
Crim. Proc. Ann. art. 17.15 (West 2005).  To determine whether the trial court
abused its discretion, we must decide whether the trial court acted without
reference to any guiding rules or principles, i.e., whether the trial court’s
action was arbitrary or unreasonable.  Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in similar circumstances does not demonstrate that an abuse of discretion
has occurred.  Id.

The primary purpose of a bail bond is
to secure the defendant’s presence at trial on the offense charged.  Ex
parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977); Scott,
122 S.W.3d at 868.  Accordingly, bail should be set high enough to give
reasonable assurance that the defendant will appear at trial, but it should not
operate as an instrument of oppression.  Scott, 122 S.W.3d at 868.  The
pretrial bail amount must be set sufficiently high to secure the accused’s
presence at trial because his reaction to the prospect of a lengthy sentence
might be to fail to appear.  See id. at 869.  And simply because a
defendant cannot meet the bail set by the trial court does not automatically
render the amount excessive.  Id. at 870.

Code of criminal procedure article
17.15 sets forth the following criteria for establishing the amount of bail to
be required:

1.   
The bail shall be sufficiently
high to give reasonable assurance that the undertaking will be complied with.

2.   
The power to require bail is not
to be so used as to make it an instrument of oppression.

3.   
The nature of the offense and the
circumstances under which it was committed are to be considered.

4.   
The ability to make bail is to be
regarded, and proof may be taken upon this point.

5.   
The future safety of a victim of
the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art.
17.15.

In addition to these factors, the
court should also weigh the following in determining the amount of bail:  the
accused’s work record; the accused’s family and community ties; the accused’s
length of residence in the county; the accused’s prior criminal record, if any;
the accused’s conformity with the conditions of any previous bond; the
existence of outstanding bonds, if any; and aggravating circumstances alleged
to have been involved in the charged offense.  Rubac, 611 S.W.2d at 849–50;
Scott, 122 S.W.3d at 869; see also Ex parte King, No.
10-09-00164-CR, 2009 WL 2767725, at *1 (Tex. App.—Waco Aug. 19, 2009, no pet.)
(mem. op., not designated for publication).  The defendant bears the burden to
show that he is entitled to a reduction in bail.  Rubac, 611 S.W.2d at
849; Maldonado v. State, 999 S.W.2d 91, 97 (Tex. App.—Houston [14th
Dist.] 1999, pet. ref’d).

Johnson was charged with one count of
indecency with a child, a second degree felony for which an individual adjudged
guilty can be sentenced to a term of two to twenty years’ confinement.  See
Tex. Penal Code Ann. §§ 12.33(a), 21.11(a)(1), (d) (West 2011).  But although
Johnson had only been indicted on one count of indecency at the time of the
hearing, the State informed the trial court that at the time of the hearing,
there was also an ongoing investigation into additional counts of indecency.  Under
penal code section 3.03(b), if an accused is found guilty of more than one
offense arising out of the same criminal episode, the sentences may run
concurrently or consecutively if each sentence is for a conviction of an
offense under section 21.11, among others.  See id. § 3.03(b)(2) (West 2011
& Supp. 2011).  Therefore, Johnson faces a potentially lengthy sentence.

Further, the complainant’s mother and
the mother of two other minor children with whom Johnson had allegedly
committed indecency testified that Johnson should not receive a reduction in
the bail amount and that he presented a danger to “everyone.”  Johnson admitted
that he did not have any ties to the community other than his nephew—the father
of two of the minor children—and that he had previously been convicted of bail
jumping.  Affording deference to the trial court’s ruling and weighing Johnson’s
testimony that he was on disability and could only afford a bond of $1,500 to
$2,000 against the nature of the offense, Johnson’s history of bail jumping,
and the safety of the complainant and the community, we conclude that the trial
court did not abuse its discretion by setting Johnson’s original bail amount at
$50,000, that Johnson failed to demonstrate that the original bail amount of
$50,000 was excessive, and that the trial court did not abuse its discretion by
raising the amount to $100,000 after the development of additional information
at the hearing.  See, e.g., King, 2009 WL 2767725, at *1–2 (affirming
denial of pretrial writ of habeas corpus seeking reduction of bail from
$250,000 when indigent petitioner had been indicted on ten counts of indecency
with the same child, had prior felony convictions, had no current residence or
family in the county, and had very little work history and no immediate
prospects for employment if released on bail); see also Ex parte Rolling,
No. 10-11-00189-CR, 2012 WL 662329, at *2 (Tex. App.—Waco Feb. 29, 2012, no
pet.) (mem. op., not designated for publication) (finding no abuse of
discretion when trial court increased bail amount after additional information
was brought to the trial court’s attention).

IV.  Conclusion

          We affirm the trial court’s
order denying Johnson’s pretrial application for writ of habeas corpus.

 

 

                                                                             PER
CURIAM

 

 

PANEL:  MCCOY, J.;
LIVINGSTON, C.J.; and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2012









[1]See
Tex. R. App. P. 47.4.