**Motion to Set Reasonable Bail Granted and Order filed June 25, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-10-01222-CR**
**NO. 14-11-00006-CR**
**NO. 14-11-00007-CR**

---

**BILLY JOE WYATT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 16,602**

---

## ORDER

Appellant Billy Joe Wyatt was convicted of three counts of aggravated robbery. The trial court sentenced appellant to twenty-two years' confinement for each count and ordered the sentences to run concurrently. Appellant urged on appeal that the evidence was insufficient to support his conviction based on a theory of party liability, in part, because the record contains no evidence showing that appellant knew or should have known a firearm would be used. On March 6, 2012, this panel unanimously agreed, and we reversed appellant's conviction on all three counts and rendered a judgment of

acquittal.

Appellant subsequently filed a motion for reasonable bail pursuant to article 44.04(h) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006). Article 44.04(h) states, in pertinent part:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail.

TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

When a motion for reasonable bail is filed pursuant to article 44.04(h), the statute itself provides no specific guidance as to the criteria or factors appellate courts should consider in ruling on the motion. However, this court has found that it is logical to consider the same criteria and factors used by courts in determining the amounts of (1) pretrial bail under Texas Code of Criminal Procedure article 17.15, and (2) post-conviction appeal bonds under *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981). *See, e.g.*, *Aviles v. State*, 26 S.W.3d 696, 698–99 (Tex. App.—Houston [14th Dist.] 2000, order).

In the context of determining the amount, if any, of pretrial bail, trial courts are guided by the Texas Constitution and by the criteria listed in article 17.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). Specifically, trial courts must consider:

1. whether bail is sufficiently high to give reasonable assurance that the defendant will appear;
2. whether bail is being used as an instrument of oppression;
3. the nature of the offense and the circumstances under which it was committed;
4. the defendant's ability to make bail; and
5. the future safety of any victim and the community at large.

*See id*.  Under *Ex parte Rubac*, courts determine the reasonable amount of post-conviction bail on appeal by additionally considering:

1. the defendant's work record, family and community ties, and length of residency;
2. the defendant's prior criminal record;
3. the defendant's conformity with previous bond conditions;
4. the existence of other outstanding bonds, if any;
5. aggravating circumstances alleged to have been involved in the charged offense; and
6. the length of the defendant's sentence.[1]

*Ex parte Rubac*, 611 S.W.2d at 849–50.  In evaluating these factors, we must bear in mind that the primary purpose of bail, whether pretrial or posttrial, is to secure the presence of the accused.  *Aviles*, 26 S.W.3d at 698.

In his motion to set a reasonable bond pursuant to article 44.04(h), appellant declined to provide any sworn facts, argument, or discussion in his motion regarding the factors under article 17.15 or *Rubac*.  We assume based on the record on direct appeal that appellant's personal circumstances as they relate to the relevant criteria have changed little, if at all, since the trial court assessed appellant's pretrial bail.  Neither party argues that any of the relevant factors weigh in favor of increasing or reducing the amount of bail originally assessed by the trial court: $40,000 for each count of aggravated robbery, or a total of $120,000.

In addition to these factors, we also must consider (1) the fact that the appellant's conviction has been reversed and the possibility, if any, that the State may retry the appellant under the conditions set by the court in its opinion reversing the conviction; and

---

[1] We note that with respect to the nature of the offense and the length of sentence, this court has cautioned that we should not give these two factors great weight when the request for reasonable bail is made pursuant to 44.04(h) after a conviction is reversed.  *Aviles*, 26 S.W.3d at 699.  However, because the reversal in this case depended on a conclusion that no reasonable jury could find appellant guilty as a party to the aggravating element of aggravated robbery, and did not involve a review of the jury's conclusion that appellant committed each underlying element necessary to find appellant guilty of robbery, we do not completely disregard these considerations.

(2) the likelihood that the decision reversing appellant's conviction will be overturned. *Aviles*, 26 S.W.3d at 699. These two factors weigh in appellant's favor.

First, in reversing appellant's conviction, we rendered judgment of acquittal in this case rather than remanding the case to the trial court, which forecloses the State from retrying appellant in this cause. Additionally, we find it unlikely that our judgment reversing appellant's conviction will be overturned. The Court of Criminal Appeals has refused to grant discretionary review in similar cases where courts of appeals have reversed and rendered a judgment of acquittal in aggravated robbery cases on nearly-identical grounds: insufficient evidence showing the appellant, as an alleged party to an aggravated robbery, was aware that a firearm would be, was being, or had been used or exhibited during the offense, as was necessary to establish party liability for the aggravating element. *See, e.g.*, *Rodriguez v. State*, 129 S.W.3d 551 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Wooden v. State*, 101 S.W.3d 542, 547–48 (Tex. App.—Fort Worth 2003, pet. ref'd); *Anderson v. State*, No. 14-00-00810-CR, 2001 WL 1426676 (Tex. App.—Houston [14th Dist.] Nov. 15, 2001, pet. ref'd) (not designated for publication).

Based on all the relevant considerations, we conclude that bail in the total amount of $50,000 is reasonable. We grant appellant's motion and order bail set in the amount of $50,000. Any sureties on the bond must be approved by the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

IT IS SO ORDERED.

PER CURIAM

Order filed  June 25, 2012.
Panel consists of Chief Justice Hedges and Justices Jamison and McCally.