In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-13-00049-CR
EX PARTE CHARLIE J. GILL

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 32,746**

## MEMORANDUM OPINION

Charlie J. Gill appeals the trial court's denial of an application for a writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 17.151 § 1(1) (West Supp. 2012). Article 17.151 of the Texas Code of Criminal Procedure provides, in part, that a felony defendant is to be released on a personal bond or "by reducing the amount of bail required" when the defendant has been detained more than ninety days from the commencement of the detention, and the delay is the result of the State's failure to be ready for trial. *See id.* Article 17.15 provides that a trial court determining the amount of bail to be required in a case is to consider the nature of the offense, the circumstances under which the offense was committed, the ability

1

of the defendant to make bail, the future safety of a victim of the alleged offense, and the future safety of the community. *See id.* art. 17.15 (West 2005). Orders setting bail are reviewed on appeal for abuse of discretion. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981); *see* Tex. Code Crim. Proc. Ann. art. 17.15.

Gill has been in custody since September 1, 2012, the date of his arrest for murder. His bail was initially set at $1,000,000. Bail was subsequently reduced to $100,000. Gill filed an application for a writ of habeas corpus requesting his release on personal bond or reduction in bail pursuant to article 17.151. After a hearing, the trial court again reduced the amount of bail required, this time to $50,000. Gill filed a second application under article 17.151 and asserted again that he was unable to post a bond. At the hearing, he testified he was indigent. Gill did not identify the sources or amount of any income. In the prior hearing, when bail was reduced to $50,000, Gill's son testified Gill received Social Security benefits. The trial court denied the second application. On appeal, Gill contends that, because he testified that he has no earnings or property and only had $100 at the jail commissary, the trial court erred in not releasing him on a personal bond or in not reducing the amount of bail.

In the trial court's findings of fact and conclusions of law is a citation to *Ex parte Hays*, No. 09-12-00330-CR, 2012 Tex. App. LEXIS 9053, at **6-7 (Tex. App.—Beaumont Oct. 31, 2012, no pet.) (The trial court's concern that Hays may reoffend was not "outside the zone of reasonable disagreement."). Also in the findings of fact and conclusions of law is the recitation that a trial court can consider the factors for setting bail in article 17.15. The trial court considered the nature of the offense (murder) for which Gill was arrested, Gill's "oftentimes self-serving testimony that he is indigent[,]" the two prior reductions in bail, and Gill's "multiple" (five) prior felony convictions. We have previously held that, by placing a mandatory duty on trial courts to consider the safety of the community in fixing bail in all cases, the Legislature requires trial courts to consider a fact that is not related to the amount the defendant can pay. *See Ex parte Matthews*, 327 S.W.3d 884, 887 (Tex. App.—Beaumont 2010, no pet.). Gill does not specifically assert on appeal that the trial court could not consider the safety of the community.

Furthermore, Gill did not detail for the court the sources or amount of any income. His son had previously identified one source, though not the amount. The trial court characterized Gill's assertions as "self-serving," an indication that the judge may not have found Gill's conclusory testimony concerning his financial resources particularly enlightening.

On this record, we cannot say the trial court abused its discretion. Gill's issue is overruled. The trial court's order is affirmed.

AFFIRMED.

                                            _____

                                            DAVID GAULTNEY
                                                Justice

Submitted on April 17, 2013
Opinion Delivered April 24, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.