ACCEPTED
14-13-00101-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/12/2015 2:45:11 PM
CHRISTOPHER PRINE
CLERK

IN THE
FOURTEENTH COURT OF APPEALS
OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/12/2015 2:45:11 PM
CHRISTOPHER A. PRINE
Clerk

JORGE GUERRERO §
§
VS. §
§
THE STATE OF TEXAS §

CASE NO. 14-13-00101-CR

On Appeal from Harris County
Cause 1354948, 338th District Court

## MOTION FOR BOND AFTER JUDGMENT VACATED

Appellant Jorge Javier Guerrero moves the Court to set bond after dismissal, pursuant to Tex. Code Crim. Proc. Ann. 44.04(h).

### I.

Mr. Guerrero was convicted of aggravated robbery on February 12, 2013, and sentenced to eight years in prison. He already has served three years of that sentence, including his time in juvenile detention before he was certified to stand trial as an adult, and his pretrial time in the Harris County Jail.. On December 23, 2014, in a published opinion, this Court vacated the judgment, dismissed the case, and returned the case to the juvenile court.

### II.

The primary objective of an appeal bond is to secure appellant's apprehension if his conviction is subsequently affirmed. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). The power to require bail is not to be used as an instrument of oppression. *See* TEX. CODE CRIM. PROC. ANN. ART. 17.15. This Court's sister court

has determined that the primary factors for considering the amount of bond to set after reversal on appeal are: 1) the fact that the conviction has been overturned; 2) the State's ability, if any, to retry the appellant; and 3) the likelihood that the decision of the court of appeals will be overturned. *Aviles v. State*, 26 S.W.3d 696, 699 (Tex. App. – Houston [14th Dist.] 2000, pet. ref'd). The court in *Aviles* also held that an appellate court should consider the factors in Article 17.15 and the additional factors in *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981).

Article 17.15 lists five factors to consider when setting the amount of bail: 1) it shall be sufficiently high to give reasonable assurance that the undertaking will be complied with; 2) the power to require bail is not to be used to make it an instrument of oppression; 3) the nature of the offense and the circumstances under which it was committed; 4) the ability to make bail; and 6) the future safety of the victim and the community. TEX. CODE CRIM. PROC. ANN. ART. 17.50.

Other relevant data includes: 1) the defendant's work record; 2) the defendant's family ties and length of residency; 3) the defendant's length of residency: 4) his ability to make the bond; 5) his prior criminal record; 6) the defendant's conformity with previous bond conditions; 7) the existence of any other outstanding bonds; and 8) aggravating factors involved in the offense. *Rubac*, 661 S.W.2d at 849-850.

## III.

Regarding the three key factors identified by the *Aviles* court, Mr. Guerrero's conviction has been vacated. His case has been ordered back to juvenile court, where

the State certainly can seek again to have him certified to stand trial as an adult. It is very unlikely that this Court's decision will be reversed. This Court simply followed the Court of Criminal Appeals' recent opinion in the lead case of *Cameron Moon v. State*, which vacated a similar waiver of juvenile court jurisdiction using the same boilerplate order used by the juvenile court in Mr. Guerrero's case. Mr. Guerrero should be released on personal recognizance or a minimal bond.

IV.

Regarding the Article 17.50 factors:

1) *Sufficiently high to give reasonable assurance that the undertaking will be complied with:* Mr. Guerrero has no history of fleeing or failing to appear in court. A personal recognizance or nominal bond will be sufficient to ensure his compliance;

2) *Not to be an instrument of oppression:* Mr. Guerrero currently is indigent, so only a personal recognizance or a nominal bond will allow his release pending a petition for discretionary review, if the State chooses to file one;

3) *Nature of the offense and the circumstances under which it was committed:* Mr. Guerrero was charged as a party to the offense of aggravated robbery, though he was only the driver for the adult gang member who actually committed the robbery;

4) *Ability to make bail:* as already noted, Mr. Guerrero is indigent;

5) *Future safety of the victim and the community:* Mr. Guerrero has never posed a threat to the community – his prior juvenile record reflects only minor offenses; generally, status offenses. He poses no risk to the robbery victim, who apparently was selected at random, nor to the community generally.

Regarding the remaining *Rubac* factors:

1) *Work record:* Mr. Guerrero was a juvenile at the time of this offense. He previously had worked part-time with his father in the construction business. 2) *Family ties:* Mr. Guerrero was born and raised in Houston. His parents and siblings live here, so his family and community ties run deep;

3) *Length of residency*: he has lived in Houston his entire life;

4) *Ability to make the bond:* he is indigent and does not have financial resources to pay a high bond;

5) *Prior criminal record:* his record consists of minor juvenile offenses, trespassing, and possession of marijuana on school premises;

6) *Conformity with previous bond conditions:* he was unable to afford bond previously;

7) *Other outstanding bonds:* there are none; and

8) *Aggravating factors in the offense:* the offense for which he was indicted is an aggravated offense, but as a juvenile actor, he should not be certified to stand trial as an adult under the law of parties, as discussed in Issue Two of Appellant's brief. The fact that the adult actor used a weapon should not be held against Mr. Guerrero in either the certification process or the decision on an appropriate bond.

Mr. Guerrero is not a flight risk. He is young, mentally handicapped, and all of his family live in the Houston area. Simply put, Mr. Guerrero has no place to flee and no money with which to flee. He is unlikely to be able to obtain high-paying employment to gain funds in order to flee, due in part to his lack of education and the stigma of being under indictment. Because the judgment is vacated, he is entitled to a personal recognizance bond or a minimal bond to secure his freedom.

4

PRAYER

For these reasons, Mr. Guerrero prays that this Court grant this motion and set a personal recognizance bond or a bond not to exceed $10,000 in this case.

Respectfully submitted,

ALEXANDER BUNIN
Chief Public Defender
Harris County Texas

/s/ *Cheri Duncan*

_____

CHERI DUNCAN
Assistant Public Defender
Harris County Texas
SBN 06210500
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 368-9278 (Fax)

Attorney for Appellant,
JORGE GUERRERO

CERTIFICATE OF SERVICE

I certify that a copy of Motion for Bond was electronically served to the Harris County District Attorney's Office.

/s/ *Cheri Duncan*

_____

CHERI DUNCAN

5