**Motion Granted; Order Filed May 15, 2015**



In The

# Fourteenth Court of Appeals

_____

NO. 14-14-00245-CR

_____

**JEREMY DESHAWN DUGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1407238**

## ORDER

On April 9, 2015, this court rendered its judgment vacating the trial court's judgment and remanding to the trial court for further proceedings. Appellant has filed a motion requesting this court to set reasonable bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(h).

Appellant asks this court to set his bond at $50,000.00. In support of his motion, appellant claims he (1) has no history of fleeing or failing to appear for

court; (2) is indigent; and (3) does not pose a threat to the community. He also points out that he has significant family ties to Houston, has lived in Houston his entire life (except when he served in the military), and fully complied with the terms of his pre-trial bond, also set at $50,000.00, for three years

In its response, the State asks the court to set appellant's bond at $100,000. It also asks the court to impose conditions of electronic monitoring, abstention from drug use, remaining in Harris County, and refraining from contact with the victim's family.

Appellant requested bail before the State filed a petition for discretionary review with the Court of Criminal Appeals. Accordingly, this court is charged with determining the amount of bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(h).

Article 44.04(h) of the Texas Code of Criminal Procedure states, in pertinent part:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review.

In determining the proper amount of bail after reversal of a conviction, this court has held that the factors listed in article 17.15 of the Code of Criminal Procedure, and those listed in *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981), should be considered. *Aviles v. State*, 26 S.W.3d 696, 699 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd). This court also held that the primary factors that should be considered are: (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned. *Id.*

Considering the factors set out in *Aviles*, we note that the conviction has

been overturned and the cause remanded for a new trial. The State has filed a petition for discretionary review. If it is denied, the State has the ability to retry appellant.

Accordingly, we **GRANT** appellant's motion for bond, and **ORDER** the appellant, Jeremy Deshawn Dugar, released on bail upon his giving good and sufficient bond, signed by appellant as principal and with sureties as required by law, in the sum of $50,000.00, pending final disposition on remand.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise .

Do Not Publish — Tex. R. App. P. 47.2(b).