**Affirmed and Memorandum Opinion filed October 28, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00348-CR

---

## EX PARTE MICHAEL WAYNE BROWN

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1689324**

---

## MEMORANDUM OPINION

Michael Wayne Brown brings this appeal from the trial court's order on his application for writ of habeas corpus. We affirm.

### BACKGROUND

Appellant was charged with capital murder and pretrial bond was set at $600,000. Appellant filed an application for a writ of habeas corpus, claiming the bond should be reduced. Following a hearing, the trial court denied appellant's application and this appeal ensued.

# APPLICABLE LAW

Appellant contends the bail amount is excessive. The right to be free from excessive bail is protected by the United States and Texas Constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 11. We review a challenge to the excessiveness of bail for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Under this standard, we may not disturb the trial court's decision if it falls within the zone of reasonable disagreement. *See Ex parte Dupuy*, 498 S.W.3d 220, 230 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The amount of bail required in any case is within the discretion of the trial court, subject to the following rules:

1. The bail shall be sufficiently high to give reasonable assurance of compliance with the undertaking.

2. The power to require bail is not to be so used as an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15.

Courts may also consider the following factors: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond conditions; (6) the existence of other outstanding bonds, if any; and (7) the aggravating circumstances alleged to have been involved in the charged offense. *Ex parte Rubac*, 611 S.W.2d at 849-50. The defendant

2

bears the burden to prove the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d at 849.

## THE EVIDENCE

Appellant's fiancé, Atyana Stoot, testified she has known appellant for five years. They have two children, ages seven months and twelve months. Stoot is unemployed and collects unemployment in the amount of $790 every two weeks ($1,580 per month). Stoot resides with her mother but pays no rent. Stoot pays the expenses for the children and her phone bill. According to Stoot, appellant has not generated any income since September 2020, when he was placed in custody, and appellant has no savings. Stoot testified that neither she nor appellant own a car, any jewelry, or a home. To her knowledge, appellant does not have the cash and property to post bond "in the amount of $1 million."[1] According to Stoot, appellant has worked at the George R. Brown Convention Center and helped a friend do electrical work. Stoot believes appellant was paid in cash.

Stoot testified that Adam Ramirez of Fearless Bail Bonds said she would need three percent down ($29,300) and requirefifteen to twenty co-signers. Stoot was told there would probably be additional conditions to post collateral and eventually she would need $70,000 to post bond. Stoot testified there were no family or friends who had property to post as collateral. Stoot had only spoken to eight potential co-signers but none of them were willing to sign. According to Stoot, if bond were reduced to $140,000, she would be able to post it.

Stoot said that if appellant were ordered to wear an ankle monitor, she would make the necessary arrangements for the required equipment. If appellant were

---

[1]The only order on appeal denied the reduction of bond in the amount of $600,000 for the capital murder offense. However, the evidence at the hearing and appellant's brief refers to an aggregate bond for three offenses in the amount of $1,000,000.

released on bond, he would live with Stoot at her mother's house. Prior to his arrest, appellant did not live with Stoot. The last time appellant lived with Stoot was January of 2020. Stoot said the longest amount of time that she has lived with appellant is two years.

Stoot was in a relationship with appellant when he was arrested in 2019 for being in possession of a firearm. Stoot was aware that appellant was charged with evading arrest in September 2019. Appellant was living with Stoot when he was charged with burglary of a habitation. Stoot knew that appellant pleaded guilty to that charge on November 29, 2017. Stoot was aware that in connection with that charge appellant had several bond forfeitures and missed court dates. Stoot knew that appellant violated the terms and conditions of his deferred adjudication, including leaving the State without permission. Stoot was aware appellant was arrested and charged with four additional felonies in New Mexico; she had no knowledge of appellant having family in New Mexico.

State's Exhibit 1, admitted into evidence at the hearing, is an indictment for four offenses committed April 4, 2019, in Bernalillo County, New Mexico: distribution/possession with intent to distribute a controlled substance; conspiracy to commit possession of a controlled substance; and two counts of possession of a firearm or destructive device by a felon.

Adam Ramirez, a bail bondsman, testified the very lowest amount of collateral he would require from appellant to post a $1,000,000 bond was $250,000. Ramirez testified that appellant's family did not have the $250,000 in collateral. Ramirez said "to get started" he would go no lower than 3½ percent, or $35,000 in cash. Ramirez testified that if appellant's bond were reduced to $140,000 his company would post it. According to Ramirez, the bond would be conditioned on appellant checking in twice a week and appearing in court.

ANALYSIS

The evidence presented at the hearing goes to only one factor: the ability to make bail. *See* Tex. Code Crim. Proc. art. 17.15; *Ex parte Rubac*, 611 S.W.2d at 849-50. The evidence of appellant's work record is nearly nonexistent. There is no evidence as to appellant working anywhere other than at George R. Brown Convention Center, but Stoot did not testify to how long appellant worked there, what type of work he did, or how much money he earned. Although Stoot testified appellant has helped a friend do electrical work, she did not identify the friend, testify how long appellant worked with him, or how much money appellant earned.

The only evidence of any ties that appellant has to the community are the fact that he and Stoot have a relationship and are parents to two children. There was no evidence that appellant is involved with or provides for his children. Any ties appellant has to Stoot and his children did not prevent him from violating the terms and conditions of his deferred adjudication and leaving the state. Appellant was not living with Stoot for nine months prior to his arrest. There was no testimony that appellant has any other family in Harris County.

The evidence showed appellant has a prior criminal record, failed to comply with previous bond and conditions, failed to comply with conditions of deferred adjudication, has two other outstanding bonds, and has four pending felony charges in another state. From this evidence, the trial court could have determined any court-ordered conditions or restrictions would not compel appellant's appearance at trial.

The capital murder that appellant is charged with, as well as the pending charges in New Mexico, are alleged to have been committed while he was on deferred adjudication. Appellant is charged with capital murder and faces the death

penalty or life without parole. Given that appellant has failed to appear when charged with lesser offenses, it was not unreasonable for the trial court to conclude appellant is a flight risk.

In light of the *Rubac* factors, and considering the future safety of the community, appellant has failed to demonstrate that the bail fixed by the trial court is excessive. *See Ex parte Robles*, 612 S.W.3d 142, 150 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (recognizing the accused's ability to make bail is but one factor to be considered). Considering the evidence relevant to the factors set out in article 17.15 and in *Rubac*, *supra,* we hold the trial court did not abuse its discretion in setting bail in the amount of $600,000 and refusing to reduce it. Appellant's issue is overruled, and the order of the trial court is affirmed.

/s/  Tracy Christopher
    Chief Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).