**Motion Granted; Order filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-10-01090-CR

_____

**JOHN FRANGIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1256414**

## ORDER

On September 26, 2013, this Court rendered its judgment reversing the trial court's judgment convicting appellant John Frangias of sexual assault and remanding the case for further proceedings. The same day, appellant filed a motion requesting this Court to set reasonable bail. TEX. CODE CRIM. PROC. art. 44.04(h). Appellant requested that bail be set at $30,000.00, which is the same as the bail set before the original trial of this matter. On October 4, 2012, the State filed a response to the motion asking that bail be increased to $60,000.00.

In determining the amount that is reasonable, courts consider factors such as the following:

1. The fact that the conviction has been overturned;[1]
2. The State's ability, if any, to retry the appellant;[2]
3. The likelihood that the decision of the court of appeals will be overturned;[3]
4. The defendant's work record;[4]
5. The defendant's family and community ties;[5]
6. The defendant's length of residency;[6]
7. The defendant's prior criminal record;[7]
8. The defendant's conformity with previous bond conditions;[8]
9. The existence of other outstanding bonds, if any;[9]
10. Aggravating circumstances alleged to have been involved in the charged offense;[10]
11. Whether "bail [is] sufficiently high to give reasonable assurance that the undertaking will be complied with";[11]
12. Whether the amount of bail required is low enough that it is not "an instrument of oppression";[12]
13. "The nature of the offense and the circumstances under which it was committed are to be considered";[13]
14. The defendant's ability to make bail;[14] and
15. "The future safety of a victim of the alleged offense and the community . . . ."[15]

---

[1] *Aviles v. State*, 26 S.W.3d 696, 701 (Tex. App.—Houston [14th Dist.] 2000, no pet.).
[2] *Id.*
[3] *Id.*
[4] *Id.* at 698 (citing *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981)).
[5] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).
[6] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).
[7] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).
[8] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).
[9] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).
[10] *Id.* (citing *Rubac*, 611 S.W.2d at 849–50).
[11] TEX. CODE CRIM. PROC. art. 17.15.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

Appellant's bail previously was set at $30,000.00, he appeared each time his case was set for trial, and fully complied with his bond conditions. Although appellant has not worked since his conviction, his family attests that it could make bond in this amount. No other bonds are outstanding. Appellant has no prior criminal history, and lived and worked in the Houston area for decades before the charged offense occurred. Although sexual assault is a serious offense, no additional factors increase the severity of the offense with which appellant is charged. He is not alleged to have used or displayed a weapon, to have threatened or coerced the complainant, or to have inflicted any bodily injuries. The complainant resides in another country, and appellant is not alleged to have had any contact with her since she reported the alleged offense.

As of the date this order is being issued, the State has not moved for rehearing or for rehearing en banc, and has not filed a petition for discretionary review.

We find appellant's motion meritorious, grant the motion, and **ORDER** the appellant released on bail upon his giving good and sufficient bond, signed by appellant as principal and with sureties as required by law, in the sum of $30,000.00, pending final disposition by the Court of Criminal Appeals or the expiration of the time in which to file a petition for discretionary review.


PER CURIAM


Panel consists of Justices Christopher and McCally.

3