**Motion Granted in Part; Order filed February 5, 2015**



In The

# Fourteenth Court of Appeals

_____

NO. 14-13-00101-CR
_____

**JORGE GUERRERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1354948**

## ORDER

On December 23, 2014, this Court rendered its judgment vacating the trial court's judgment and remanding to the juvenile court for further proceedings.

On January 12, 2015, appellant, Jorge Guerrero, filed a motion requesting this Court to set reasonable bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(h). On January 26, 2015, the State filed a response to appellant's motion.

Appellant asks this Court to set his bond at $10,000. In support of his motion appellant claims he (1) has no history of fleeing or failing to appear in court; (2) is indigent; (3) was charged as a party to the offense of aggravated robbery though he was only the driver for the adult gang member who committed the robbery; and (4) did not pose a threat to the community because his victim was apparently selected at random. Appellant also points out that he has significant family ties, has lived in Houston his entire life, and his record consists of minor juvenile offenses.

In its response the State asks this Court to set appellant's bond at $60,000, which is the amount set by the trial court. The State points out that the trial court initially set appellant's pretrial bond at $30,000, but that bond was revoked and a higher bond of $60,000 was set.

The State did not file a motion for rehearing or petition for discretionary review. Accordingly, this court is charged with determining the amount of bail. *See* Tex. Code Crim. Proc. Ann. art. 44.04(h).

Article 44.04(h) of the Texas Code of Criminal Procedure states, in pertinent part:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review.

In determining the proper amount of bail after reversal of a conviction, this Court has held that the factors listed in article 17.15 of the Code of Criminal Procedure, and those listed in *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981), should be considered. *Aviles v. State*, 26 S.W.3d 696, 699 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd). This Court also held that the primary

factors that should be considered are: (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned. *Id.*

Considering the factors set out in *Aviles*, we note that although we vacated the trial court's judgment, our opinion was not based on the sufficiency of the evidence to support appellant's conviction, or any error that occurred in his trial. Because the State did not file a motion for rehearing or petition for discretionary review, it is unlikely our decision will be overturned. The State has the ability to retry appellant.

Accordingly, we grant appellant's motion for bond, and **ORDER** the appellant, Jorge Guerrero, released on bail upon his giving good and sufficient bond, signed by appellant as principal and with sureties as required by law, in the sum of $60,000.00, pending final disposition on remand.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).