

**NUMBER 13-14-00374-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RICHARD JAMAL NETHERLY,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

---

**On appeal from the 128th District Court
of Orange County, Texas.**

---

# ORDER SETTING BAIL

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Order Per Curiam**

On June 9, 2016, this Court issued an opinion reversing Richard Jamal Netherly's

conviction for possession of a controlled substance, a first-degree felony.[1]  *See Netherly*

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

*v. State*, No. 13-14-00374-CR, 2016 WL 3225093, at *4 (Tex. App.—Corpus Christi June 9, 2016, no. pet. h.); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2015 R.S.). On June 29, 2016, Netherly filed a motion pursuant to article 44.04(h) of the code of criminal procedure asking this Court to set bail pending the State's final determination of this Court's opinion. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West, Westlaw through 2015 R.S.). On June 30, 2016, this Court requested that the State file a response to Netherly's motion on or before July 11, 2016. To date, the State has not filed a response. However, on July 11, 2016, the Texas Court of Criminal Appeals notified this Court via email that the State's petition for discretionary review was filed that day. We grant Netherly's motion and set bail at $5,000.

## I.    APPLICABLE LAW

We are authorized to set bail upon request by an appellant in the following circumstances:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr. App. P. 209(c).

*Id.* Because we have reversed Netherly's conviction and because he requested to set bail before the State filed its petition for discretionary review, we have authority to determine the amount of his bail. *See id.*

2

Although article 44.04(h) directs that Netherly be released on reasonable bail under the circumstances in this case, it does not specify the factors we are to consider when determining the appropriate sum. Article 17.15 of the code of criminal procedure provides the following general rules regarding the amount of bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* art. 17.15 (West, Westlaw through 2015 R.S.). In addition to the factors mentioned in article 17.15, the court of criminal appeals has articulated the following factors to be considered: (1) the length of the sentence; (2) the nature of the offense; (3) work history; (4) family and community ties; (5) length of residency; (6) ability to make the bond; (7) criminal history; (8) conformity with previous bond conditions; (9) existence of other outstanding bonds; and (10) aggravating factors involved in the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981). The Fourteenth Court of Appeals has noted additional factors to consider: (1) the fact that the conviction has been overturned; (2) the State's ability (or inability) to retry appellant; and (3) the likelihood that the decision of the court of appeals will be overturned. *See Aviles v. State*, 26 S.W.3d 696, 699 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (order setting bail) (noting also that the

3

primary goal when determining the proper amount of pre-trial and appeal bonds is to secure the presence of the accused).

## II.    ANALYSIS

With the above-mentioned considerations in mind, we turn to Netherly's motion. We note that Netherly is charged with possession of a controlled substance, a first-degree felony, and that the trial court sentenced him to twenty years' imprisonment before this Court issued its opinion. We also note that Netherly has not been charged with a crime involving violence, and there are no attendant aggravating circumstances beyond that which our criminal law proscribes for possessing an illegal substance. However, when Netherly's case was pending trial, the trial court determined that a $150,000 bond was reasonable and necessary.

In his motion to set bail, Netherly states that since his incarceration, he has been "a model inmate and has not had any infractions or violations." Netherly further states that he is currently a "trustee" at the Texas Department of Criminal Justice, Wynne Unit. Netherly also states that he was previously granted bond pending resolution of this case in the trial court and that he "never violated the conditions of his release, complied with all [trial] court orders[,] and appeared at all hearing and trial dates." Attached to Netherly's motion is a letter from the owner of the company that posted Netherly's trial bond, who writes that he "[n]ever [had] any concerns regarding [Netherly]" and would have no hesitation posting an appellate bond pending resolution of the State's appeal of this Court's opinion. Finally, Netherly states in his motion that he has "strong ties to his community, is married[,] and is not a flight risk." To support this statement, Netherly has

4

attached handwritten letters from three individuals, including his spouse, his aunt, and a life-long friend.

The State disputes none of the assertions set out in Netherly's motion, nor does it recommend to this Court that bail be set at a specific amount. At the same time, we note that Netherly had the financial wherewithal to retain trial and appellant counsel in this case, and he makes no assertion that his current incarceration has worsened his financial situation.

With respect to the factors articulated in *Aviles*, we recognize that we have reversed Netherly's conviction on the basis that the trial court erred in failing to suppress the controlled substance that he was charged with possessing under the Fourth Amendment. Considering the nature of the State's charge in this case and the exclusionary remedy afforded Netherly under the Fourth Amendment, the State will not be able to retry him for possession of a controlled substance unless the Texas Court of Criminal Appeals reverses this Court's decision. Regarding the likelihood that the Texas Court of Criminal Appeals will reverse this Court's decision, we are respectfully hesitant to predict the high court's disposition of a petition for discretionary review, but the panel in the underlying opinion is confident that their decision is correct under the law. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1614–16 (2015); *see also State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

Considering the factors on which we have been provided information and endeavoring to strike a balance between ensuring Netherly's presence and avoiding oppressive bail, we GRANT Netherly's motion and set bail pending final determination of

appeal at $5,000. *See* TEX. CODE CRIM. PROC. ANN. arts. 17.15, 44.04(h); *see also Ex parte Rubac*, 611 S.W.2d at 849–50; *Aviles*, 26 S.W.3d at 698–99.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2016.