

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00269-CR
_____

JEREMY DAVID SPIELBAUER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 26,626-C; Honorable Ana Estevez, Presiding

August 19, 2016

MEMORANDUM OPINION DENYING RELIEF
IN HABEAS CORPUS APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Jeremy David Spielbauer, is currently incarcerated in the Randall County Jail pending trial on the charge of capital murder.[1] He appeals an order of the trial court denying a request that his bail be reduced to $150,000. Also pending before

---

[1] TEX. PENAL CODE ANN. § 19.03(a)(2) (West 2011). The State has elected to not seek the death penalty; therefore, under the facts of this case, the offense is punishable by imprisonment for life, without the possibility of parole. *Id.* at § 12.31(a)(2) (West Supp. 2016).

this court is his *Motion for Extension of Time to File Appellant's Brief.* We deny his motion for extension of time, and upon immediate submission, affirm the order of the trial court.

APPLICABLE LEGAL PRINCIPLES

Prior to conviction, every citizen accused of a crime has a "strong interest in liberty." *United States v. Salerno*, 481 U.S. 739, 750, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987). To protect that interest, the Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. In balancing the liberty interest of an accused and safety interests of society, the Texas Legislature has adopted rules and guidelines whereby an accused can obtain pretrial release through the posting of adequate bail. "Bail" is the security given by an accused to guarantee that he will appear and answer accusations of criminal conduct, before the proper court, at the appropriate time. TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2015); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The amount of bail to be required in a given case is a matter that lies within the sound discretion of the trial court, governed by the Constitution and these rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used so as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

2

5. The future safety of a victim of the alleged offense and the community shall be considered.

Art. 17.15. The amount of bail should be sufficiently high to give reasonable assurance that the accused will comply with the undertaking, but not so high as to be an instrument of oppression. *Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977). In setting bail, a trial court should consider the accused's ability to make bail, his work record, family ties, residency, criminal record, conformity with previous bond conditions, and aggravating factors involved in the offense. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981).

When an accused is unable to make bail or believes that the amount of bail is excessive, he may seek a reduction in bail by either filing a pretrial petition for a writ of habeas corpus or a motion for bail reduction. In a bail reduction proceeding, the defendant bears the burden of proving that the existing bail amount is excessive. *Ex parte Benefield*, 403 S.W.3d 240, 242 (Tex. Crim. App. 2013) (Cochran, J., concurring in the refusal of a petition for discretionary review) (citing *Ex parte Rubac*, 611 S.W.2d at 849). In reviewing an order from a bail reduction hearing, an appellate court reviews the decision of the trial court under an abuse of discretion standard. *Id.* An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

When written notice of appeal from an order in a habeas corpus or bail reduction proceeding is filed, the trial court clerk must prepare and certify the clerk's record within fifteen days after the notice of appeal is filed. *See* TEX. R. APP. P. 31.1. When a

hearing has been held, if the appellant requests, the official court reporter must also prepare and certify the reporter's record within that same time frame. *Id.* When an appellate court receives the record, the court will—if it desires—set the time for filing briefs and set the appeal for submission. *Id.*

ANALYSIS AND CONCLUSION

On April 20, 2016, a Randall County Grand Jury returned an indictment charging Appellant with the offense of capital murder for a homicide allegedly committed on the 7th day of April, 2014. That same day, Appellant was arrested and subsequently appeared before a magistrate, where his bail was set at $500,000. On May 10, 2016, Appellant filed his *Application for Writ of Habeas Corpus Seeking Bail Reduction*, asking that his bail be reduced to $150,000.

On May 19, 2016, the trial court conducted a hearing on Appellant's request. At that hearing, Appellant presented evidence that prior to his arrest he was gainfully employed, owned no real property, owned three vehicles (two of which were encumbered by a lien), and that he was otherwise financially unable to make the $500,000 bond. His father testified that Appellant had ties to the community and was not a flight risk.

In response, the State offered evidence that Appellant had a "short fuse and a violent temper," had made phone calls while in jail (recorded by the Randall County Sheriff's Department) where he stated his intention to confront potential witnesses against him, had previously threatened another individual with a gun, had previously threatened to kill some of his co-workers, and that immediately prior to his arrest, had

4

taken steps (according to the State's theory) to flee to Canada. The State further postulated that in the course of this offense Appellant had attempted to frame his wife for the murder and that she had, in fact, been incarcerated for over a year before charges against her were dismissed. At the conclusion of the hearing, the trial court reduced Appellant's bail to $400,000.

When reviewing matters committed to the trial court's sound discretion, an appellate court may not substitute its judgment for that of the trial court as long as the trial court's ruling is within the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391. Having considered the record in this case and deferring to the trial court's determination of the credibility of the witnesses and the weight to be given their testimony, we conclude that briefs will not assist this court in reviewing the propriety of the trial court's decision to not reduce Appellant's bail as much as he considered reasonable. In accordance with Rule 31.1 of the Texas Rules of Appellate Procedure, we dispense with the necessity of filing briefs in this matter, and accordingly, deny Appellant's motion for extension of time to file a brief. Furthermore, because we conclude the trial court's ruling is within the zone of reasonable disagreement about the proper amount of bail under the circumstances of this case, we will not disturb the trial court's ruling. As such, the decision of the trial court to set bail at $400,000 is affirmed.

Per Curiam

Do not publish.