

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00058-CR

THOMAS DIXON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-435,942, Honorable Jim Bob Darnell, Presiding

January 16, 2019

## ORDER ON MOTION TO SET BAIL

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Pending before us is appellant Thomas Dixon's motion to set bail pursuant to Texas Code of Criminal Procedure art. 44.04(h). The State has filed a response, and appellant has filed a reply. Based on the following discussion, we will set appellant's bail at $2 million.

Appellant was indicted in Lubbock County for two counts of capital murder, the indictment alleging he employed a third party to murder Dr. Joseph Sonnier for remuneration, and that he bore criminal responsibility for Dr. Sonnier's murder.

Appellant's first trial ended in a mistrial because of a hung jury. Prior to his retrial, the Court of Criminal Appeals set appellant's bail at $2 million. Appellant obtained an attorney's bond in that amount secured by family-owned real property and the trial court released appellant with conditions. On retrial, a jury convicted appellant on both counts of capital murder and appellant appealed. On December 13, 2018, we reversed appellant's convictions, sustaining his issues challenging the trial court's ruling on his motion to suppress historical cell site data obtained without a warrant and his issues concerning exclusion of the public from trial.

After our opinion issued, appellant filed a motion in this court seeking bail of $100,000. *See* TEX. CODE CRIM. PROC. ANN. art 44.04(h) (West 2018). In support, he argues bail of $100,000 will be sufficient to insure his appearance at retrial because he did not miss a court date or violate a condition of release in conjunction with this 2015 trial, he has strong ties to the Amarillo community, he is not accused of committing an act of violence, and his financial circumstances have changed because of his imprisonment and the loss of his medical license.

The State's response argues bail should be set at $2 million. It points out appellant is charged with the "gravest offense contemplated by the Penal Code," the offense resulted from lengthy planning by appellant and a third party, the State is free to retry appellant, prior to his 2015 trial appellant's family secured his $2 million bail with real property valued at $3 million, and appellant has no community ties to Lubbock County, the county of prosecution.

Because his conviction was reversed by decision of this court, appellant is entitled to release on reasonable bail. TEX. CODE CRIM. PROC. ANN. art. 44.04(h). Because appellant requested bail before a petition for discretionary review was filed in the Court of Criminal Appeals, this court is to determine the amount of bail. *Id.* Several factors guide our determination. Courts look to the rules of Article 17.15:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015); *Gomez v. State,* No. 07-10-00116-CR, 2011 Tex. App. LEXIS 3073, at *3-4 (Tex. App.—Amarillo, Apr. 25, 2011, per curiam order) (not designated for publication). Additional factors for the bail determination have been outlined by the Court of Criminal Appeals:

> (1) the length of sentence; (2) the nature of the offense; (3) work history; (4) family and community ties; (5) length of residency; (6) ability to make the bond; (7) criminal history; (8) conformity with previous bond conditions; (9) existence of other outstanding bonds; and (10) aggravating factors involved in the offense.

*Gomez,* 2011 Tex. App. LEXIS 3073, at *4 (citing *Ex parte Rubac,* 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981)). When the bail determination follows reversal of a conviction by an appellate court, additional factors have been considered:

> (1) the fact that the conviction has been overturned; (2) the State's ability (or inability) to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned.

*Gomez,* 2011 Tex. App. LEXIS 3073, at *4-5 (citing *Aviles v. State,* 26 S.W.3d 696, 699 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)).

The State does not dispute appellant's assertion he complied with the conditions of his previous bail and made all prior required court appearances. It is further undisputed he is a native of the panhandle of Texas, has family in the Spearman, Texas, area, and lived and practiced medicine for a number of years in Amarillo before his trials and eventual conviction. He had no prior criminal history. Those factors suggesting a lesser bail might be sufficient to insure appellant's compliance with its terms are to be balanced with the equally clear facts that the crime for which appellant was convicted is heinous, and that his previous compliance with bail conditions occurred prior to his conviction for the capital offense; that appellant has admitted his participation in the months-long events that led eventually to Dr. Sonnier's murder; and that nothing precludes the State from retrying appellant for the offense, which on conviction carries only two possible punishments.[1] The State has indicated its intention to retry the case if our decision withstands review by the Court of Criminal Appeals.

---

[1] *See* TEX. PENAL CODE ANN. § 12.31 (West Supp. 2018) (punishments for capital felony).

4

With regard to appellant's ability to make bail, we note his family's demonstrated willingness and ability to provide security for his bail. Prior to appellant's 2015 trial, the Court of Criminal Appeals set his bail at $2 million. As the State describes the events, appellant's family made this amount the following week through an attorney's bond collateralized by real property. Appellant's reply to the State's response states his "financial circumstances have changed substantially since his last trial, as he has been in the custody of the State, and can no longer practice medicine." The response disregards that appellant's 2015 bail apparently was not made by assets derived from appellant's medical practice or assets otherwise owned by him, but through the security of the substantial real property owned by his family. Nothing before us shows any change has occurred in his family's willingness or ability to provide similar security on this occasion.

We have the unusual circumstance in this case that the Court of Criminal Appeals set a reasonable bail for this same defendant, after a mistrial but prior to his conviction on the capital offense, at $2 million. We find appellant is entitled to bail. TEX. CODE CRIM. PROC. ANN. art. 44.04(h); *see* TEX. R. APP. P. 51.2(c)(1). Considering the factors the law prescribes, however, we find no factor in appellant's present circumstances calling for an amount of reasonable bail less than the amount set in 2015. Accordingly, we deny appellant's request to set the amount at $100,000. Bail is set at $2 million.

It is so ordered.

Per Curiam

Do not publish.

5