

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00093-CR

**TYLER CLAY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-1854-C2

## ABATEMENT ORDER

On May 25, 2021, this Court reversed Tyler Clay's conviction for capital murder. *See generally Clay v. State*, No. 10-19-00093-CR, 2021 Tex. App. LEXIS 4113 (Tex. App.—Waco May 25, 2021, pet. filed) (mem. op., not designated for publication). On July 15, 2021, Tyler Clay filed a motion for bail pending the final determination of his appeal. The State filed a petition for discretionary review in the Court of Criminal Appeals on July 16, 2021.

The record reflects that Clay filed a pre-trial writ of habeas corpus challenging the bail amount set as excessive. In his pre-trial writ of habeas corpus, Clay indicated that bail was set at $1,000,000. Although the trial court conducted a hearing on Clay's pre-trial writ of habeas corpus, there does not appear to have been any evidence presented during that hearing. Furthermore, the record in this Court does not contain transcripts or evidence from the hearing when bail was initially set at $1,000,000. Thus, we have no evidence from any hearing in the trial court on the relevant factors outlined in article 17.15 of the Texas Code of Criminal Procedure and in *Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). *See* TEX. CODE CRIM. PROC. ANN. art. 17.15; *see also Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981). Without evidence on these relevant factors, it is difficult for this Court to fulfill its duty to set bail pursuant to article 44.04(h) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

Accordingly, we order the trial court to conduct an evidentiary hearing and receive the arguments of the parties on bail within twenty-eight (28) days of this order. At this hearing, the parties should address the relevant factors outlined in article 17.15 of the Texas Code of Criminal Procedure, as well as *Ex parte Rubac*, as they apply at this stage of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15; *see also Ex parte Rubac*, 611 S.W.2d at 849-50. Based on the evidence presented and arguments made at the hearing, this Court will then determine the amount of bail. Additionally, we order that the parties include in the exhibits the original terms and conditions of Clay's bail and

request the trial court to suggest any recommended modifications to the terms and conditions of Clay's bail from those set by the previous trial court for bail before trial.

The trial court clerk and court reporter shall cause the Clerk's Record and Reporter's Record of the above-ordered hearing to be filed in supplemental records in this Court within seven days of the date of the above-ordered hearing. We abate this proceeding to the trial court.

PER CURIAM

Before Chief Justice Gray
     and Justice Rose[1]
Hearing ordered and records requested
Order delivered and filed September 22, 2021
Do not publish
[CRPM]
[RWR]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.